[Crim. No. 1017. First Appellate District, Division Two.—February 16, 1922.]

## THE PEOPLE, Respondent, v. HAYDEN KING, Appellant.

[1] CRIMINAL LAW — RAPE — SUFFICIENCY OF INFORMATION — USE OF PRESENT TENSE OF VERB.—On appeal an information will not be held insufficient, and a judgment of conviction will not be reversed, because of the omission of the word "did" before the words "have and accomplish," in charging that the defendant, at a specified time and place, "willfully, unlawfully and feloniously [did] have and accomplish an act of sexual intercourse" with and upon his stepdaughter, where no objection because of such omission was raised at any time in the trial court, and the jury was carefully instructed as to the statutory definition of rape and the law governing the commission of the same.

[2] ID.—ERROR WITHOUT PREJUDICE.—An error which does not prevent a defendant of common understanding from being fully informed as to the charge against him and enabled to prepare for his defense is clearly not prejudicial.

[3] ID.—VENUE—EVIDENCE.—In this prosecution for rape, the evidence was sufficient to show that the place where the offense was committed was in the city .and county in which the defendant was prosecuted, as stated in the information.

[4] ID.—CREDIBILITY OF PROSECUTRIX — CORROBORATION UNNECESSARY. In this prosecution for rape, the testimony of the prosecutrix was not inherently improbable, notwithstanding the first statement she made the next day after the assault exonerated the defendant of any wrong, she having testified that the defendant coached her to tell such story; and in such a prosecution it is not necessary that the testimony of the prosecutrix be corroborated.

[5] ID.—ACCOMPLISHMENT OF ACT—EVIDENCE.—In this prosecution for rape, the prosecutrix, a girl of the age of fifteen years, having testified fully as to the details of the accomplishment of the act charged against the defendant, and she having also stated, in response to a question by the court, that she understood the meaning of the term "sexual intercourse" and that the defendant had accomplished it with her, the testimony regarding the consummation of the act itself was ample, notwithstanding the medical testimony was uncertain and unsatisfactory and, standing alone, might leave a doubt as to the accomplishment of the act charged.

[6] ID.—EVIDENCE OF OTHER SIMILAR ACTS—INSTRUCTIONS—APPEAL— PRESUMPTION.—In a prosecution for rape, where the trial court, on motion of counsel for the defendant, strikes from the record all testimony relating to other similar acts of the defendant with

the prosecutrix and carefully and fully instructs the jury that it is not to consider such testimony and that none of those matters are a part of the record against the defendant, the appellate court will assume that the jury obeyed those instructions and will not pass upon the admissibility of such evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alfred J. Hennessy and Marion J. Mazuran for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal from a judgment of conviction of the crime of rape and from the order of the trial court denying a new trial. The offense was committed against the stepdaughter of defendant, a girl of the age of fifteen years.

[1] Defendant's first contention is that the information is insufficient. The allegation of which complaint is made is as follows: "The said Hayden King on or about the 1st day of May, A. D. nineteen hundred and twenty-one at the said city and county of San Francisco, State of California, then and there willfully, unlawfully and feloniously *have and accomplish* an act of sexual intercourse with and upon one . . . " The omission of the word "did" before the words "have and accomplish" is asserted to be fatal to the information. At the trial, the defendant waived the reading of the information, a copy of same was given him and, thereupon, he entered a plea of "not guilty." No demurrer, either general or special, was interposed, nor was there any motion in arrest of judgment, and the first objection to the sufficiency of the information is made upon appeal. The jury was carefully instructed as to the statutory definition of rape and the law governing the commission of the same, and in the light of such instructions brought in a verdict finding the defendant "guilty of the crime of felony, to wit, rape, as charged in the information."

Under all these facts, we think the omission of this word

from the information does not warrant a reversal of the judgment. In the first place, the error was clearly a clerical one and could not have misled the defendant in any way. **[2]** An error which does not prevent a defendant of common understanding from being fully informed as to the charge against him and enabled to prepare for his defense is clearly not prejudicial. (Bishop's New Criminal Procedure, secs. 356, 357.) Furthermore, it is apparent that the information would have been beyond criticism had the verbs "have" and "accomplish" been used in the past tense. In other words, had the information read: "the said Hayden King had and accomplished an act of sexual intercourse . . . " We are confronted, then, with a mere grammatical error, the use of the present tense of a verb instead of the past tense. Such an error will not vitiate the information in a case like the present where the meaning is apparent and where the defendant could not have been and was not misled. (Bishop's New Criminal Procedure, sec. 354.)

The authorities cited by appellant from other jurisdictions are not even of persuasive force upon this question in California, for the reason that this precise objection has been considered and passed upon adversely to appellant's contention by our supreme court in the case of *People* v. *Haagen,* 139 Cal. 115 [72 Pac. 836]. In that case, as in the present case, the information omitted the word "did" and charged that the defendant "willfully and unlawfully *have* in his possession and *sell* a certain quantity of fresh salmon, contrary. . . . " It was there held that in the light of the provisions of sections 960, 1258, and 1404 of the Penal Code, the contention of the appellant with reference to this matter was without merit because he had not been prejudiced in respect to a substantial right. The same reasoning applies in the present case and the objection urged by the appellant is without merit.

**[3]** The second objection made by the appellant is that the evidence is insufficient to prove the venue laid in the information. This objection is without merit in view of the following: All the testimony is to the effect that the assault took place at "1250 O'Farrell Street," but appellant contends that there is no testimony in the record that this street is in the city and county of San Francisco. We find that the prosecutrix testified: "Q. And when did you

come to San Francisco? A. I went to Stockton on about the 22d of February, and they [her mother and sisters] moved to San Francisco on the 28th. Q. And you came down about that same time, did you? A. Yes. Q. And at that time you had moved to 1250 O'Farrell Street? A. Yes. Q. And lived there, then, through March and April? A. Yes."

The sister-in-law of the defendant testified that the defendant and his wife moved to 1250 O'Farrell Street on February 27th; that they moved "here" on said date; that for several days previous defendant had been searching for an apartment in San Francisco. Mrs. Kate O'Connor testified that she was a policewoman of this city and county; that on May 1, 1920, she received "a call or instruction to go to 1250 O'Farrell Street, in this city," and out of the call developed the prosecution in this case.

It is quite apparent from the foregoing, as well as from numerous other matters appearing in the record, that 1250 O'Farrell Street, the place where the offense was committed, is in the city and county of San Francisco.

[4] The further points urged that the girl's story is improbable and that it required corroboration are without merit. The girl told a convincing story. Her mother was married to the defendant and had left the city on the night of the assault, stating that she was going to Los Angeles. Her young daughter and defendant had accompanied her to the railroad station. After the mother's departure, the defendant took the girl to a theater and later to a restaurant, and the two returned to their apartment about midnight. There was no other person in the apartment. At the trial, the child told in detail of the assault and of how she had cried and pleaded with the defendant to leave her alone. These outcries were heard by a woman in the apartment below, who had no interest in the matter at all and who did not know the defendant. This woman, totally disinterested, and whose testimony stands uncontradicted, testified that she had heard the arrival home about midnight and, shortly afterward, the sobbing and pleading in a girl's voice, to which the defendant had answered that if she would lie still he would not hurt her. She reported this matter, on the following morning, to the manager of the apartment, who investigated and notified

the police. This woman and the woman who was managing the apartment had absolutely no interest in the matter and their testimony is of much persuasive force. It is true that the prosecutrix, upon first being questioned by the manager of the apartment and by the policewoman, stated that her crying and pleading was because the defendant had been trying to force her to take some medicine, and at that time denied that defendant had committed the offense of which he was convicted. Later, however, she told the whole story at the detention home, and also stated that the defendant had coached her to tell the first story which she had told; that she had consented to do so and to shield him because he had told her that she would be sent to a reform school if the facts became known. We see nothing improbable in the record. There is not the slightest evidence of malice, nor of any motive on the part of the prosecutrix to testify falsely; on the contrary, she was desirous of shielding the defendant and the facts were developed through the report of the woman who had heard the sobbing and crying of the child on the night of the assault.

It was not necessary for the story of the prosecutrix to be corroborated. (*People* v. *Mayes,* 66 Cal. 597 [56 Am. Rep. 126, 6 Pac. 691].)

[5] The testimony regarding the consummation of the act itself is ample, and the point made by appellant in reference to this matter is without merit. The girl testified fully as to the details of the accomplishment of the act charged against the defendant, and she also stated in response to a question by the court, that she understood the meaning of the term, "sexual intercourse," and that the defendant had accomplished it with her. It is true, as contended by appellant, that the medical testimony in the record is uncertain and unsatisfactory, as it necessarily must be in cases of this nature not involving actual violence. Standing alone, it might leave a doubt as to the accomplishment of the act at the time charged; but, in our opinion, the record is sufficient upon this question, quite independently of the medical testimony.

[6] The trial court admitted testimony relating to other similar acts of the defendant with the prosecutrix. The respondent contends that such testimony was admissible as showing an adulterous disposition, under authorities which

are cited to us; the appellant, on the other hand, contends that the testimony was improperly admitted, being evidence of other crimes. It is unnecessary to discuss this evidence in detail, or to pass upon its admissibility under the facts of this case, because the court, upon motion of counsel for the defendant, struck from the record all such testimony and very carefully and fully instructed the jury that it was not to consider such testimony and that none of these matters were a part of the record against the defendant. We must assume that the jury obeyed these instructions.

There are no other matters requiring discussion. We find no error in the record which would warrant a reversal of this judgment, and the same is affirmed.

Nourse, J., and Sturtevant, J., concurred.