[Crim. No. 1138. First Appellate District, Division One.—May 9, 1925.]

## THE PEOPLE, Respondent, v. JAMES E. HOWARD, Appellant.

[1] Criminal Law—Commitment to State Prison—Public Writing —Certified Copy as Evidence.—A certified copy of a judgment of conviction delivered with a convict to and filed by the warden of the state prison as a commitment pursuant to sections 1213 and 1216 of the Penal Code may be held by reasonable construction of the language of the code to be a writing within the definition of public writings, as such are defined by section 1888 of the Code of Civil Procedure, and within the class of such writings designated as "other official documents" in subdivision 3 of section 1894 of said code; and such being in the custody of the warden of a state prison, a public officer, for the purposes provided by the Penal Code, and being one which a citizen, under section 1032 of the Political Code, has a right to inspect, a duly certified copy thereof is admissible in evidence under sections 1892 and 1893 of the Code of Civil Procedure.

[2] Id.—Certification by Secretary—Appointment Presumed—Identity of Defendant.—As the law provides for the appointment of a secretary for the board or warden, and it is the duty of the warden to furnish on demand a certified copy of the commitment in his custody, where a certified copy of such a commitment, under the name and seal of the warden, is furnished by a person who signs the certificate as secretary, it will be presumed that he was regularly appointed as such secretary; and in a criminal prosecution, a copy of a commitment thus certified is admissible in evidence, and coupled with the testimony of a state prison guard

72 Cal. App.— 36

identifying defendant as the person theretofore confined in the state prison under said commitment, is sufficient *prima facie* to prove the identity of defendant as the person theretofore confined in the state prison under such commitment, and that he had been convicted of a felony as stated therein.

[3] ID.—BURGLARY—CONDITION OF TRANSOM—EVIDENCE.—In this prosecution for attempted burglary, the trial court properly admitted, over objection, evidence of the physical condition of the transom above the door leading to the room wherein the offense was alleged to have been committed; and it was not error to sustain the prosecution's objections, on cross-examination, to questions by defendant with reference to the same conditions, where such questions had been answered substantially in replies to previous questions.

---

(1) 16 **C. J.**, p. 739, n. 90.   (2) 16 **C. J.**, p. 1345, n. 39.   (3) 17 **C. J.**, p. 335, n. 13.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—Appellant was charged by information, filed in the superior court of Alameda County, with the crime of attempted burglary and further therein charged with having on January 14, 1920, prior to the attempted burglary alleged, been convicted under the name of Charles Leonard, of a felony, to wit, burglary of the second degree in the superior court of San Diego County; and that on said conviction he served a term of imprisonment in the California state prison at San Quentin. Appellant entered a plea of not guilty to both charges, on both was convicted, and was sentenced to be imprisoned in said state prison. He moved for a new trial, which was denied, and from the order and judgment has appealed.

Appellant assigns certain rulings of the court as prejudicial error, and contends that the evidence adduced by the

prosecution on the charge of a prior convicton is insufficient to support the verdict.

The evidence in support of that charge was the testimony of A. B. Monahan, a guard employed at San Quentin prison, who identified appellant as a person who between the months of January, 1920, and November, 1922, was confined in that prison as a convict and known to the witness as Blackie Leonard. Appellant testified on his own behalf, and on cross-examination refused to answer the questions of the district attorney as to whether he had ever been convicted of a felony, and whether he had not been so convicted in the superior court of San Diego County under the name of Charles Leonard. The prosecution offered in evidence a paper purporting to be a copy of a copy of a judgment and commitment to the state prison at San Quentin of and from the superior court of San Diego County, with a paper attached thereto purporting to be a copy of the certificate of the clerk of that court authenticating it as a true copy of the judgment, the purported judgment being one of conviction of Charles Leonard in said court on January 14, 1920, of the crime of burglary of the second degree. Attached to the paper offered was a certificate upon which was impressed the seal of the state prison at San Quentin, such certificate purporting to be that of J. A. Johnston, the warden, by K. T. Pietrzak, secretary, and certifying the papers attached, being the copy of the certified copy of the judgment mentioned, to be "a true and correct copy of the commitment in the case of prisoner No. 31995, Charles Leonard, now on file in this office." Appellant objected to the evidence as being incompetent on the grounds that it was hearsay and secondary evidence.

[1] We are of the opinion that a certified copy of the judgment of conviction delivered with the convict and filed by the warden of the state prison as a commitment pursuant to sections 1213 and 1216 of the Penal Code may be held by reasonable construction of the language of the code to be a writing within the definition of public writings as defined by section 1888 of the Code of Civil Procedure, and within the class of such writings designated as "other official documents" in subdivision 3 of section 1894 of said code; and such being in the custody of the warden of

a state prison, a public officer, for the purposes provided by the Penal Code, and being one which a citizen has a right to inspect (Pol. Code, sec. 1032), a duly certified copy thereof is admissible in evidence (Code Civ. Proc., secs. 1892, 1893).

Such being the character of the writing so delivered and filed, the point made by appellant is whether a paper purporting to be a copy thereof was admissible as evidence of the existence and contents of the original record or of the duly certified copy thereof alleged to have been on file in the office of the warden, without other proof than that of the certificate shown above.

The wardens of the state prisons are executive officers of the state of California (Pol. Code, sec. 343), and provision is made by law for a seal of office to be used by the warden. The only other officers of the state prisons whose offices as such were created by law are the clerks and five directors, the latter having the power to determine the necessary officers and employees of the prisons other than wardens and clerks and to specify their duties severally (Pen. Code, sec. 1576), the warden having the power to appoint the officers and employees of the prison so determined by the directors (Const., art. X, sec. 3).

[2]  There is no direct evidence in the record of the appointment of K. T. Pietrzak, who signed the certificate mentioned as secretary, or of his authority. There is, however, attached thereto the seal of the warden, and the certificate purported to be that of J. A. Johnston as warden of whose official position and the genuineness of whose seal the trial court might and did take judicial notice. The appointment of a secretary for the board or warden is provided for by statute (Pen. Code, sec. 1576), and the said Pietrzak, as shown by the certificate, assumed to act as such. It will be presumed *prima facie* that he was regularly appointed as such secretary; and it being the duty of the warden to furnish on demand a certified copy of the commitment in his custody, it will also be presumed that such duty was regularly performed (Code Civ. Proc., sec. 1963, subds. 14 and 15). We are of the opinion that the certificate with the copy of the certified copy of the judgment was properly admitted in evidence, and that this, with the

testimony of the witness Monahan, was sufficient *prima facie* to prove the identity of the appellant with Charles Leonard, and that he had been convicted of a felony in the superior court of San Diego County as charged.

[3] The appellant further assigns as error rulings of the court admitting, over objection, evidence of the physical condition of the transom above the door leading to the room wherein the offense was alleged to have been committed, and sustaining objections to certain questions by appellant on cross-examination with reference to the same conditions. The rulings as to the former were proper. The latter, while not improper cross-examination, had been answered substantially in replies to previous questions.

The other matters assigned as error were the refusal of the court to direct a verdict for appellant, to allow appellant's challenges of certain jurors for cause, an instruction of the court in which was quoted the language of section 663 of the Penal Code, and certain general objections to the jury system as administered in Alameda County, none of which have substantial merit.

After an examination of the entire cause, including the evidence, we are of the opinion that the evidence supports the verdict, and that no error was committed by the court prejudicial to the substantial rights of appellant.

The judgment is affirmed.

Knight, J., and Tyler, P. J., concurred.