[Crim. No. 1293. First Appellate District, Division Two.—April 14, 1926.]

## THE PEOPLE, Respondent, v. CHARLES F. KING, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—EVIDENCE—OTHER OFFENSES—INSTRUCTIONS—ABSENCE OF PREJUDICE.—In a prosecution for grand larceny, it being shown in evidence that following the marriage of defendant to the complaining witness, whom he had met through a correspondence club, he persuaded his wife to draw from her bank a sum of money upon the representation that he would invest it in a grocery business which he proposed to conduct for her benefit, and that immediately following the receipt of the money defendant left his wife, taking said sum of money with him, defendant was not prejudiced by the introduction of evidence showing that a few years before he had married another woman under similar circumstances and that a short time afterward he had separated from her, taking with him a large sum of money which he had persuaded her to entrust to his keeping, where, if error occurred in the admission of the latter evidence, it was cured by the ruling of the trial court striking such evidence from the record when it developed that the offense which was then committed was embezzlement rather than grand larceny, and the jury was fully instructed to disregard it.

[2] ID.—MARITAL STATUS OF DEFENDANT—ADMISSIBILITY OF EVIDENCE—ABSENCE OF ERROR.—In such prosecution, the trial court did not err in admitting evidence of the marital relation of defendant and the complaining witness, where such evidence was merely a part of the story of the case as presented by the prosecution, and the marriage relation was freely admitted by defendant when he took the stand in his own behalf, and no possible prejudice arose from the admission of the evidence in the prosecution's case.

[3] ID.—CROSS-EXAMINATION OF COMPLAINING WITNESS—DISCRETION—SECTION 2055, CODE OF CIVIL PROCEDURE.—In such prosecution, where the defendant subjected the complaining witness to a lengthy cross-examination on matters which were irrelevant and trivial, the trial judge properly exercised the discretion vested in him when he refused to let this method of examination continue, and the trial court did not err in refusing to allow defendant to call the complaining witness for cross-examination under section 2055 of the Code of Civil Procedure.

___

3. See 27 Cal. Jur. 97.

[4] ID.—CROSS-EXAMINATION OF DEFENDANT—PREVIOUS CONVICTION OF FELONY—IMPEACHMENT—EVIDENCE.—In such prosecution, no constitutional rights of defendant were violated when he was compelled to answer on cross-examination that he ·had been previously convicted of two separate felonies in another state, where defendant voluntarily offered himself as a witness in his own ·behalf, and the questions, which were for the purpose of impeachment, were plainly within the bounds of cross-examination on the part of the state.

[5] ID.—INSTRUCTIONS—SECTION 1127, PENAL CODE.—In such prosecution, defendant's contention that the trial court erred in refusing to instruct the jury by written instructions, as required by section 1127 of the Penal Code, is not sustained where the defendant requested certain instructions to be given in writing and expressly waived written instructions as to all other matters, and such of the instructions as defendant requested in writing and which the trial judge deemed proper to give were given to the jury in writing as requested and were filed in open court in full compliance with said code section.

(1) 17 C. J., p. 325, n. 72, p. 326, n. 80.   (2) 17 C. J., p. 324, n. 68.   (3) 40 Cyc., p. 2493, n. 37, 39, p. 2506, n. 10, p. 2507, n. 13. (4) 40 Cyc., p. 2607, n. 61, p. 2608, n. 62, p. 2622, n. 60.   (5) 16 C. J., p. 1032, n. 1, p. 1067, n. 93; 17 C. J., p. 210, n. 94.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Claude F. Purkitt, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried on an indictment charging him with the larceny of $700 from one Martha J. King. From the judgment which followed his conviction and from the order denying his motion for a new trial he has appealed upon a typewritten record.

4. See 27 Cal. Jur. 140.

The facts of the case are that the defendant married the complaining witness on March 28, 1925, having met her through a correspondence club of which he was a member, and that on the second day of April following he left the rooms which they were occupying in the city and county of San Francisco, taking with him the sum of $700 in currency which he had persuaded his wife to draw from her bank on that day upon the representation that he would invest the money in a grocery business which he proposed to conduct for their benefit. The defendant was found some time later in the city of San Diego, where his arrest was made.

[1] On this appeal he complains that he was prejudiced by the introduction of evidence showing that a few years before he had married a Mrs. McDonald under similar circumstances and that a short time after his marriage he had separated from her and taken with him the sum of $1,750 of her funds which he had persuaded her to entrust to his keeping. This evidence was offered over the objection of appellant, but when it developed that the offense which was then committed was one of embezzlement rather than grand larceny the trial judge struck all the evidence from the record and fully instructed the jury to disregard it. Though we do not pass on the question that the two offenses were so dissimilar as to require the elimination of this evidence, it is plain that if any error occurred it was cured by the rulings of the trial court.

[2] Appellant claims that the court erred in admitting evidence of the marriage relation of appellant and the complaining witness. This evidence was merely a part of the story of the case as presented by the prosecution. Furthermore, the marriage relation was freely admitted by the appellant when he took the stand in his own behalf, and no possible prejudice arose from the admission of the evidence in the prosecution's case.

[3] It is argued that the court erred in refusing to allow the appellant to call the complaining witness for cross-examination under section 2055 of the Code of Civil Procedure. Without passing on the question of the applicability of this section to a situation of this kind, it is sufficient to say that the appellant subjected the complaining witness to a lengthy cross-examination on matters which were irrelevant and trivial, and that the trial judge properly exercised the dis-

cretion vested in him when he refused to let this method of examination continue.

[4] The next point is that the constitutional rights of the appellant were violated when he was compelled to answer on cross-examination that he had been previously convicted of two separate felonies in another state. The appellant had voluntarily offered himself as a witness in his own behalf, and these questions, which were for the purpose of impeachment, were plainly within the bounds of cross-examination on the part of the state.

[5] Complaint is made that the court erred in refusing to instruct the jury by written instructions, as required by section 1127 of the Penal Code. The facts are that the appellant requested certain instructions to be given in writing and expressly waived written instructions as to all other matters. Such of the instructions as the appellant requested in writing and which the trial judge deemed proper to give were given to the jury in writing as requested and were filed in open court in full compliance with the code section cited. Other points do not require consideration.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 11, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1926.