[Crim. No. 1365. First Appellate District, Division One.—May 31, 1927.]

## THE PEOPLE, Respondent, v. HENRY GARCIA, Appellant.

[1] CRIMINAL LAW—APPEAL—REVERSAL OF JUDGMENT—NECESSITY FOR SHOWING SUBSTANTIAL INJURY.— Before a judgment of conviction will be reversed it must affirmatively appear that the defendant has been substantially injured by the error complained of.

[2] ID.—ASSAULT WITH INTENT TO COMMIT MURDER—EVIDENCE—VERDICT — APPEAL. — In this prosecution for assault with intent to commit murder, although certain evidence was improperly received, and portions of it were read over to the jury before it was finally stricken out, the judgment of conviction will not be reversed, where the record on appeal did not show that the verdict was the product of confusion caused by the court's rulings, or that any prejudicial effect remained from the original reception of the evidence after it had been stricken out.

[3] ID. — ERROR IN ADMISSION OF TESTIMONY — CORRECTION BY TRIAL COURT.—The trial court is allowed to correct error which may have been committed in the admission of testimony.

[4] ID. — INSTRUCTION TO DISREGARD IMPROPER EVIDENCE — VERDICT—PRESUMPTIONS. — Where improper evidence is withdrawn without delay, and the jury instructed to disregard it, any error committed in admitting it is cured, and the jury will be presumed to have obeyed the instruction.

[5] ID. — ADMISSION OF TESTIMONY FOR LIMITED PURPOSE — PRESUMPTIONS. — In the absence of an affirmative showing that the jury misunderstood the ruling admitting certain evidence for a limited purpose only, it will not be presumed that the rights of the defendants were prejudiced thereby.

[6] ID.—IDENTIFICATION—EVIDENCE.—In this prosecution for assault with intent to commit murder, evidence that several days after the alleged crime the complaining witness pointed out defendant to an officer and said, "This is the man," was admissible to identify defendant, but not for the purpose of showing guilty intent.

[7] ID.—EVIDENCE STRICKEN FROM RECORD—SUBSEQUENT RESTORATION—ABSENCE OF ERROR.—In such prosecution, where the trial judge struck certain admissible evidence from the record owing to a

1. See 8 Cal. Jur. 599.
4. See 8 Cal. Jur. 615.
5. See 8 Cal. Jur. 577.

misunderstanding as to its purpose, it was not error to restore the same to the record later during the trial.

[8] ID.—FALSE STATEMENTS BY DEFENDANT—EVIDENCE.—In such prosecution, false statements by defendant to officers regarding his presence at a certain railroad station and as to the ownership of the automobile he was then driving, made eleven days after the alleged assault, were admissible on the question of defendant's guilt.

[9] ID.—REFUSAL TO GIVE INSTRUCTIONS COVERED BY COURT'S CHARGE. In such prosecution, the trial court did not err in refusing to give requested instructions which were covered in the court's charge.

[10] ID.—TESTIMONY ADMITTED OVER OBJECTION—ABSENCE OF MOTION TO STRIKE — FAILURE TO ASSIGN MISCONDUCT — APPEAL.—In such prosecution, where, after certain testimony was admitted over defendant's objection, defendant made no motion to strike out the question or the answer, nor asked that the question be assigned as misconduct, he cannot raise the point on appeal.

(1) 17 C. J., p. 272, n. 2. (2) 17 C. J., p. 317, n. 10. (3, 4) 16 C. J., p. 879, n. 47; 17 C. J., p. 226, n. 72. (5–7) 16 C. J., p. 880, n. 60; 17 C. J., p. 275, n. 27; 30 C. J., p. 162, n. 77. (8) 30 C. J., p. 213, n. 42. (9) 16 C. J., p. 1063, n. 85. (10) 17 C. J., p. 71, n. 47.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Myron Harris and Leo Sullivan for Appellant.

U. S. Webb, Attorney-General, Earl Warren, District Attorney, and Charles D. Wehr, Deputy District Attorney, for Respondent.

KNIGHT, J.—The defendant was charged by information with the crime of assault with intent to commit murder alleged to have been committed on February 15, 1926, and upon trial was convicted of simple assault. Upon this appeal

8. See 8 Cal. Jur. 42.
9. See 8 Cal. Jur. 314.
10. See 8 Cal. Jur. 258, 501, 508.

he urges as grounds for reversal that the court erred in ruling upon matters of evidence and in refusing to give the jury two instructions proposed by him; also misconduct on the part of the district attorney.

Thomas M. Hyland, a detective police sergeant, testified as a witness for the prosecution with reference to a conversation held with the defendant shortly after his arrest and as to the latter being identified at that time by the complaining witness and others. Defendant objected to much of the testimony and moved to strike out portions thereof, many of his objections and motions being sustained. At the conclusion of the direct examination the court stated: "I am going to strike out some of this testimony that is not admissible. All of the testimony of the witness given here this afternoon, until they started in about the row of the men, the line-up, everything previous to that. So there will be no misunderstanding on the part of the jury, we had better have the portion read that remains in the testimony." The reporter then proceeded to read the testimony to the jury, but when he reached a particular answer therein the court interrupted, stating: "I cannot say as far as that is concerned the testimony is admissible." The district attorney briefly commented on the answer regarding which the court was doubtful and the court then said: "I am afraid the jury will be confused about what is to remain in and remain out. We will take a recess at this time." During the recess the court designated the portions of the objectionable testimony it was going to exclude, which embraced more than had been stricken out at the time the testimony was read by the reporter before recess was declared. Upon reconvening the court said: "In order that there may be no misunderstanding about the testimony that Officer Hyland has given this afternoon, which is to be stricken out and disregarded by the jury—the court has ordered certain portions stricken out—the reporter is going to read all that remains in, that is, all that you are to consider. You are only to consider what the reporter is going to read to you"; and thereupon the reporter read only the portions of the testimony which the court allowed to stand.

Defendant contends that on account of the manner in which the objectionable portions of the testimony were stricken out "it is doubtful whether after final ruling of

the court the jurors knew or appreciated how much of the testimony of the witnesses they were to consider and how much they were to disregard''; that since the jury heard the improper testimony once and part of it twice ''it is extremely unlikely that the prejudicial effect of the original reception of the testimony and the subsequent repetition of a part thereof were entirely obliterated from the minds of all jurors by the final ruling or any instructions of the court.''

[1] Before a judgment of conviction will be reversed, however, it must affirmatively appear that the defendant has been substantially injured by the error complained of (*People* v. *Lapara,* 181 Cal. 66 [183 Pac. 545]; *People* v. *Mahach,* 65 Cal. App. 359 [224 Pac. 130]; *People* v. *O'Bryan,* 165 Cal. 55 [130 Pac. 1042]; *People* v. *Stephens,* 29 Cal. App. 616 [157 Pac. 570, 572].) [2] We find nothing in the record before us upon which to base the inference that the verdict herein was the product of confusion caused by the court's rulings or that any prejudicial effect from the original reception of the objectionable evidence remained with the jury after the same had been stricken out. [3, 4] The trial court is allowed to correct error which may have been committed in the admission of testimony; and where the improper evidence is withdrawn without delay, and the jury instructed to disregard the same, it will be presumed that the jury obeyed the instruction and any error committed in admitting the same is cured (*People* v. *Dominguez,* 61 Cal. App. 182 [214 Pac. 448]; *People* v. *Prather,* 134 Cal. 436 [66 Pac. 589, 863]; *People* v. *King,* 56 Cal. App. 484 [205 Pac. 703]; *People* v. *Mayen,* 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435]). In the instant case, therefore, nothing appearing to the contrary, we must presume that the jury acted in pursuance of the trial court's admonition regarding the excluded testimony; and consequently any error which may have been committed in its original reception is deemed to be cured.

Testimony was given by another police officer named J. A. Sevina as to having seen the defendant on February 26, 1926, several days subsequent to the date of the alleged crime, at High Street station in the city of Alameda, sitting in an automobile apparently waiting for the arrival of a train, at which time, the officer testified, he held a conversa-

tion with the defendant as to the ownership of said automobile and regarding the latter's presence at said station at that particular time. He further testified that the complaining witness who had just arrived on the train was asked by the officer in the defendant's presence "if he knew any of these boys," and upon answering in the affirmative was asked "which one"; that thereupon "he pointed out the defendant and said, 'This is the man.'" Counsel for defendant made frequent objections to the introduction of this testimony and moved to strike out certain portions of it, and when the direct examination had been concluded stated: "We renew our motion," to which the court replied: "The motion is granted and the jury is instructed to disregard it." However, at the next session, the court of its own motion ordered the testimony restored to the record, and allowed the prosecution to further examine the police officer upon some of the same matters. In making the order of restoration the court said: "This morning I struck out testimony of the police officer as to the occurrence on the 26th day of February, where he said that the complaining witness said 'This is the man.' I thought the purpose of introducing that testimony was to show guilty intent on the part of the defendant. I struck it out for that reason. The thought occurred later that it should not have been stricken out; that the prosecution is entitled to have it in the record for the purpose of showing that the complaining witness identified the defendant at that time, on the 26th, eleven days after. I am going to restore that portion of the testimony, the testimony of Officer Sevina. You understand it is for no other purpose than showing that he identified the defendant on that day."

Defendant contends that "the rulings of the trial court produced confusion and uncertainty in the minds of the jurors as to what portions of the testimony of the witnesses were finally left in the evidence for their consideration."

[5–7] It is apparent, we think, that the order of restoration did not have the effect asserted by defendant for the reason that it specifically referred to the "testimony of the police officer (Sevina) as to the occurrence on the 26th day of February where he said that the complaining witness said, 'That is the man,'" which testimony, the court stated, had been stricken out that morning. In any event, as held

with reference to the preceding point, in the absence of an affirmative showing that the jury misunderstood the ruling, we cannot presume that the rights of the defendant were prejudiced thereby (*People* v. *Lapara, supra; People* v. *Mahach, supra*), and the testimony being, in our opinion, admissible for the limited purpose stated by the court (*People* v. *Wallin,* 55 Mich. 497 [22 N. W. 15]), no error was committed in restoring the same to the record.

[8] The question of the falseness of defendant's statements made to the two officers mentioned regarding his presence at the High Street station on February 26, 1926, and as to the ownership of the automobile he was then occupying and driving, was a matter which the jury was entitled to consider as a circumstance in determining the question of defendant's guilt. (*People* v. *Cole,* 141 Cal. 90 [74 Pac. 547]; *People* v. *Peete,* 54 Cal. App. 333–352 [202 Pac. 51].)

[9] The ground upon which the court refused to give the two instructions proposed by defendant was that the elements stated therein were substantially covered in the court's charge. There was no error in such refusal. The effect of the first of these instructions was that if it were established beyond a reasonable doubt that the defendant was driving the automobile from which the shot was fired at the complaining witness, such fact was "not alone of itself sufficient to convict the defendant of the crime charged in the information." The instruction given by the court on that subject was as follows: "The mere fact that a person is present at the scene of a crime and knows that a criminal offense is about to be perpetrated, is not sufficient to convict a defendant in a criminal case. In addition thereto it must appear that the accused person with knowledge of the criminal intent of the person who directly commits the offense, has done or is doing some act that assists or is assisting in the perpetration of the crime." The other proposed instruction related to the presumption of innocence and the law of reasonable doubt. Both matters were fully and fairly covered in the court's charge.

[10] After examining the assignments of alleged misconduct on the part of the district attorney and those portions of the record to which they relate, we fail to find grounds for reversal. The first assignment is based upon a

remark made by the district attorney in his opening statement to the jury, to which objection was made and sustained and at defendant's request the jury was instructed to disregard it. At the conclusion of the opening statement the jury was further instructed at defendant's request that said opening statement was not evidence and should not be considered as such. Any injurious effect the remark may have produced was doubtless removed by the court's instructions. "It must be a very exceptional case in which a reversal will be ordered by reason of the character of the opening statement of the prosecuting officer. . . . " (*People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235].) The next point refers to certain testimony to which objection was made by defendant and by the court overruled. No motion was made to strike out the question or the answer, nor was the asking of the question assigned as misconduct. Consequently defendant is not now in a position to raise the question. (*People* v. *Wong Toy,* 189 Cal. 587 [209 Pac. 543]; *People* v. *Babcock,* 160 Cal. 537 [117 Pac. 549]; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92].) The third and fourth assignments relate to the cross-examination of the defendant upon matters which had been excluded by the court's order striking out part of the testimony. Despite the exclusion of said testimony the defendant while testifying adverted to the same matter, and consequently there was more or less justification for the cross-examination complained of, which weighs strongly against the charge of misconduct. The force and effect of the question upon which the fifth assignment is based, assuming the question to have been improper, was clearly overcome by the timely objection of the defendant which was sustained, and the prompt instruction of the court to the jury that it should be disregarded. In *People* v. *Garbutt,* 197 Cal. 200 [239 Pac. 1080], it was said: "Counsel's conduct must reach a course of proceedings militating against justice and the fair and orderly conduct which should characterize a judicial proceeding in criminal cases before error can be predicated on it." In our opinion the conduct complained of herein did not approach the limitation of the rule stated, nor can it be said to have interfered with the defendant's having had a fair and impartial trial.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.