[Crim. No. 20.  Fourth Appellate District.—January 25, 1930.]

THE PEOPLE, Respondent v. GEORGE WILSON, Appellant.

Albert E. Weller and Fred Duffy for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and George H. Johnson, District Attorney, for Respondent.

SLOANE, P. J.—The defendant George Wilson pleaded guilty to an information filed by the district attorney of San Bernardino County charging him with the crime of burglary. Upon such plea of guilty the court proceeded to pass judgment and sentenced defendant to serve a term of imprisonment in the California state prison at San Quentin, of date January 14, 1929.

Immediately following such sentence a supplemental information was filed, charging four separate prior convictions and commitments for felonies previously committed by the defendant. Under this supplemental information it was charged that the defendant George Wilson, under the name of Frank Clark, was in the Superior Court of the state of California, in and for the county of Tulare, on or about the sixth day of June, 1914, convicted of the crime of burglary in the first degree, a felony, and was sentenced to serve a term of one year in the California state prison at San Quentin therefor.

That the defendant George Wilson, under the name of William Henry Duncan, was in the Superior Court of the state of California, in and for the county of Yuba, on or about the ninth day of April, 1919, convicted of the crime of burglary in the second degree, a felony, and was sentenced to serve a term of five years in the California state prison at San Quentin therefor.

That the defendant George Wilson, under the name of Harry Jackson, was in the Superior Court of the state of California, in and for the county of Yuba, on or about the fourteenth day of April, 1919, convicted of the crime of burglary in the second degree, a felony, and was sentenced to serve a term of five years in the California state prison commonly known as Folsom prison therefor.

That the defendant George Wilson, under the name of Will Duncan, was, in the Second Judicial District Court of the state of Nevada, in and for the county of Washoe, on or about the seventeenth day of July, 1926, convicted of the crime of attempted burglary in the second degree, a felony, and was sentenced to serve a term of imprisonment in the state prison at Carson City, Nevada, therefor.

The third count in this information was dismissed for the reason that the commitment to the state prison at Fol-

som was for the same offense charged in the second count, and the commitment to the Folsom prison was merely a transfer of the defendant from Folsom to San Quentin, to which place of confinement defendant had been previously committed.

On the trial under the supplemental information defendant was convicted before a jury on the three remaining counts of former conviction. By reason of the former convictions defendant was sentenced to life imprisonment, pursuant to section 644 of the Penal Code.

The only question presented on this appeal is the alleged insufficiency of the evidence to identify the defendant George Wilson as the same person convicted and imprisoned under the former convictions and under the names respectively of Frank Clark, William Henry Duncan and Will Duncan.

The evidence as shown by the record consists of authenticated copies of the judgment and commitment of the person named in each of the charges of former conviction and the receipt of the person so convicted at the respective prisons. Supplementing this evidence as to the first former conviction was the testimony of a witness, J. H. Carpenter, captain of the guard of the San Quentin penitentiary, who testified that he knew and saw, as a prisoner in the state prison at San Quentin, in June, 1914, an inmate there held under the name of Frank Clark, and identified in open court the defendant George Wilson as being that person.

The same witness also testified that in April, 1919, he knew and saw at the San Quentin penitentiary a person confined as a prisoner in said institution under the name of William Henry Duncan, *alias* Harry Jackson, who was afterward transferred to the Folsom penitentiary, and identified in open court the defendant George Wilson as being that person.

A witness, John F. Connell, a guard at Folsom prison of some thirty years' employment, in further identification of the defendant George Wilson as the prisoner confined at San Quentin as William Henry Duncan, *alias* Harry Jackson, and afterward transferred to Folsom, testified that he saw and knew in 1919 an inmate of the prison under the name of Harry Jackson and identified in open court the defendant George Wilson as being that person.

The authenticated copy of the record of the conviction and commitment to San Quentin of the person last mentioned, identified as the defendant Wilson, shows that he was named in the judgment as William Henry Duncan, *alias* Harry Jackson.

On the identification of defendant under the Nevada conviction and commitment, it appears that the judgment and commitment in that case was in the name of Will Duncan. The witness Harland L. Howard, assistant district attorney of Washoe County, Nevada, testified that he saw and knew the said Will or William Duncan in the courtroom of the second judicial court in and for the county of Washoe, state of Nevada, and that he was the person described in the authenticated copy of judgment of conviction from that court, introduced in evidence in the present case, and that said Duncan and the defendant George Wilson are one and the same person.

█ The authenticated record of a former conviction, sentence and imprisonment of persons under the name of Frank Clark, William Henry Duncan *alias* Harry Jackson, and Will Duncan respectively, and the positive identification of the defendant as being the person confined under commitment in the three prisons named, at the periods covered by the respective sentences under the names given in the judgments, is sufficient evidence to support the verdict and judgment of the former convictions set out in the supplemental information in this case.

It is true that the identification of the defendant Wilson as being the same person convicted and imprisoned under the former convictions is an essential part of the case for the prosecution, but it cannot be disputed that the introduction of the record of the conviction and imprisonment of the defendants named as Frank Clark, William Henry Duncan, *alias* Harry Jackson, and Will Duncan, and the identification by a competent witness of the defendant here as being the same person serving sentence under these respective judgments of conviction, is a sufficient identification.

On a former appeal of this case from an order granting a new trial, reported in 100 Cal. App. 397 [280 Pac. 137], the proof of conviction and identification of defendant under precisely the same evidence as was given in this case was

upheld by the appellate court with reference to the convictions and commitment to San Quentin prison from Tulare and Yuba Counties, and a new trial was granted on the ground of insufficient proof of the record of conviction in Nevada, which defect has been supplied in the present case.

As stated in *People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389]:

It is the function of the jury in the first instance and of the trial court after judgment, to determine what facts are established by the evidence, and before the verdict of the jury which has been approved by the trial court can be set aside on appeal upon the ground that the evidence is insufficient to support the verdict, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached by the trial court.

The alleged prior conviction of defendant and sentence to imprisonment in Folsom penitentiary was dismissed and eliminated from this case as one of the judgments of prior conviction, but under the showing that the party named in the prior conviction from Yuba County was transferred to Folsom, the evidence of identification of the defendant as the party so transferred was properly introduced in support of the conviction and identification in the proceeding under which such transfer was made.

The judgment of conviction and order overruling and denying defendant's motion for new trial are affirmed.

Barnard, J., and Marks, J., concurred.