[Crim. No. 1596. First Appellate District, Division One.—December 1, 1930.]

THE PEOPLE, Respondent, v. JOHN FONTES, Appellant.

142

Frederick Dubovsky for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant and appellant was charged by information filed by the district attorney of Alameda County with the crimes of robbery and burglary and also a prior conviction. Defendant admitted the prior conviction and entered a plea of not guilty to the charges contained in the first two counts. He was found guilty of robbery and burglary in the first degree.

It appeared in evidence that on January 22, 1930, defendant, in company with another, entered a store in the city of Oakland and asked to be shown certain goods. After the proprietor had complied with their request, defendant and his companion demanded money from him. Failing to receive it, they proceeded to beat him about the head and knocked his teeth out. They then took from his person an English one-pound note and other property. A pistol was used in the commission of the crime. Defendant and his confederate then drove away in an automobile.

 It is here urged as ground for a reversal of the judgment that the trial court erred in forcing the defendant to admit his prior conviction, it being contended that such act was in violation of the provisions of section 13, article I, of the Constitution, which provides that no person may be a witness against himself. It is further urged that it is also a violation of the provisions of section 1025 of the Penal Code, which declares that the fact of a prior conviction must not be alluded to at the trial.

The point is not one of first impression in this state. It has been held that when a defendant presents himself as a witness in his own behalf, he becomes subject to all the ordinary rules of evidence, and his truth, honesty and integrity being in issue, he may be asked, as here, on cross-examination if he has ever been convicted of a felony. The provisions of section 1025 of the Penal Code to the effect that where a defendant has suffered a previous conviction, and has pleaded guilty thereof, it shall not be read to the jury, nor commented on at the trial, are not intended to prevent the asking of such general question upon cross-examination of the defendant as a witness on his own behalf. By becoming such witness, he waives the protection of that section of the code. (*People* v. *Oliver,* 7 Cal. App. 601 [95 Pac. 172]; *People* v. *Hickman,* 113 Cal. 80 [45 Pac. 175] ; *People* v. *Bishop,* 134 Cal. 689 [66 Pac. 976].)

 Appellant next complains of the action of the trial court in curtailing the cross-examination of the prosecuting witness. There is no merit in the objection. Full opportunity was afforded defendant to disprove the testimony of this witness. And, finally, appellant complains of the action of the district attorney in referring to defendant's companions as a "gang". We see no merit in this objection.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1930.