(No. 14014.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
Error, *vs.* ANNA M. HEISLER, Plaintiff in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

1. CRIMINAL LAW—*procuring an abortion and attempting to do
so are distinct offenses—variance.* To cause a woman to abort or
miscarry and to attempt to procure or produce an abortion are sep-
arate and distinct offenses, and where an indictment charges the
defendant with murder caused by procuring an abortion and the
proof shows clearly that no abortion was produced the variance is
fatal; but an erroneous conviction under such indictment is not a
bar to a prosecution for murder in attempting to produce abortion.

2. SAME—*abortion and attempted abortion defined.* In criminal
law abortion is the expulsion of the fœtus at a period of utero-
gestation so early that it has not acquired the power of sustaining
an independent life, while an attempt to procure an abortion is an
unsuccessful attempt to bring forth the fœtus, or, in other words,
a missed abortion.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. THEODORE BRENTANO, Judge, presiding.

Q. J. CHOTT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E.
CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD
E. WILSON, and CLYDE C. FISHER, of counsel,) for the
People.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Plaintiff in error was convicted in the criminal court
of Cook county of the crime of murder by abortion. The
indictment was in two counts. The first count charged that
Anna M. Heisler on the 29th day of May, 1919, made an
assault upon the body of Lena Benes, and unlawfully, fe-
loniously and willfully did force, thrust and insert a certain
instrument into the private parts and womb of her, the

said Lena Benes, a woman pregnant with child, with intent to produce an abortion and miscarriage, and did cause the abortion and miscarriage of the said Lena Benes, it not being then and there necessary so to do for the preservation of her life, she, the said Anna M. Heisler, well knowing that the use of said instrument would produce such abortion and miscarriage, and that by reason of such abortion and miscarriage the said Lena Benes languished until the 31st day of May, 1919, when she, the said Lena Benes, by reason of said abortion and miscarriage died. The second count charges that the abortion and miscarriage were caused in some way and manner and by some means and device unknown. This writ of error is prosecuted to reverse the judgment of the criminal court committing plaintiff in error to the State penitentiary for a period of twenty-one years, for the reason, among others, that there is no proof in the record that an abortion or miscarriage was produced.

Dr. E. R. LeCount, a physician to the coroner, testified that he made a post-mortem examination of the body of Lena Benes and found all the organs of the body healthy except for changes from blood poisoning. He opened the womb and found a small fœtus of about two months' growth. It was badly decomposed and appeared to have been dead for several days. He found evidence of acute blood poisoning, and it was his opinion that death resulted from this blood poisoning following the attempted abortion.

Section 3 of the Criminal Code provides: "Whoever by means of any instrument, medicine, drug or other means whatever, causes any woman pregnant with child to abort or miscarry, or attempts to procure or produce an abortion or miscarriage, unless the same were done as necessary for the preservation of the mother's life, shall be imprisoned in the penitentiary not less than one year nor more than ten years; or if the death of the mother results therefrom, the person procuring or causing the abortion or miscarriage shall be guilty of murder." (2 Harker's Ill. Stat. 1385.)

In medical parlance a distinction is often made between the terms "abortion" and "miscarriage," but in law, and as used in our statute, there is no ground for any distinction. The terms are synonymous. Abortion is the expulsion of the fœtus at a period of utero-gestation so early that it has not acquired the power of sustaining an independent life. (1 R. C. L. 70; 1 Corpus Juris, 309; 1 Am. & Eng. Ency. of Law,—2d ed.—186; *Mills* v. *Commonwealth,* 13 Pa. St. 631; *State* v. *Crook,* 16 Utah, 212, 51 Pac. 1091; *Marmaduke* v. *People,* (Colo.) 101 Pac. 337; *Commonwealth* v. *Smith,* 213 Mass. 563, 100 N. E. 1010.) Webster defines abortion as the "act of giving premature birth; specifically, the expulsion of the human fœtus prematurely, particularly at any time before it is viable or capable of sustaining life; miscarriage." The Standard Dictionary defines abortion as "the act of bringing forth young prematurely; in a loose use, miscarriage. In the human subject, as usually construed in law and medicine, abortion is the expulsion of the product of conception at any period of gestation before the fœtus becomes viable." This same authority defines criminal abortion as "the act of causing abortion or miscarriage in a pregnant woman, except when necessary to preserve her life," and defines missed abortion as "the retention of a fœtus in the womb after its death, accompanied by indications of abortion." Under this definition the evidence in this case shows clearly that the act which the plaintiff in error is charged with committing is missed abortion,—that is, an unsuccessful attempt to bring forth the fœtus.

To cause a woman to abort or miscarry and to attempt to procure or produce an abortion or miscarriage are separate and distinct offenses. *(Clark* v. *People,* 224 Ill. 554.) This conviction of the plaintiff in error for murder by abortion would not be a bar to the prosecution of her for murder by an attempt to produce an abortion. She is charged in the indictment with murder by abortion, and the proof shows

clearly that no abortion was produced. The variance be-
tween the charge and the proof is fatal.

The judgment of the criminal court of Cook county
is reversed.                                *Judgment reversed.*

---

(No. 14034.—Reversed and remanded.)
The Chicago and Northwestern Railway Company,
Appellee, *vs.* Louis L. Emmerson, Secretary of State,
Appellant.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

This case is controlled by the decision in *Armstrong* v. *Emmer-son, (ante,* p. 54.)

Appeal from the Circuit Court of Sangamon county;
the Hon. E. S. Smith, Judge, presiding.

Edward J. Brundage, Attorney General, (Clarence
N. Boord, and Jas. W. Gullett, of counsel,) for appellant.

Edgar R. Hart, and Barber & Barber, (Nelson J.
Wilcox, of counsel,) for appellee.