[Crim. No. 1129. Second Appellate District, Division One.—December 8, 1924.]

## THE PEOPLE, Respondent, v. FLOYD SIMONS, Appellant.

[1] CRIMINAL LAW—ROBBERY—CHARACTER WITNESSES—CROSS-EXAMINATION.—In a prosecution for robbery, where a witness for the defendant has testified that the general reputation of the defendant for truth, honesty, and integrity is good, it is not error to permit the prosecution, over the objection of defendant, to ask said witness whether she had ever heard that the defendant, on a given date, had committed certain specified acts of misconduct, unless it appears that such question was asked merely for the

purpose of getting before the jury information that the defendant had theretofore been guilty of such acts of misconduct.

[2] ID.—EXAMINATION OF DEFENDANT—DENIAL OF CONVERSATION—IMPROPER COMMENT BY PROSECUTING ATTORNEY.—In such prosecution, the defendant, on cross-examination, having been asked about a certain alleged conversation, and he having replied that he did not remember having had any such conversation and did not believe any such conversation had occurred, and there having been no evidence offered by either side that would tend to prove such a conversation, it was improper for the prosecuting attorney in his argument before the jury to comment upon the testimony of the defendant that he did not remember such conversation.

[3] ID.—MISCONDUCT OF DISTRICT ATTORNEY—ABSENCE OF PREJUDICE—REVERSAL OF JUDGMENTS.—In such prosecution, the evidence in the case, particularly the testimony showing that another person who had been charged jointly with defendant (but who was tried separately) admitted, in the presence of defendant and two police officers, that he and defendant had committed the crime, and that defendant did not deny his guilt, but, on the contrary, made statements strongly indicative of his guilt, having been such that the jury in all probability would have rendered a verdict of guilty against defendant, even if the prosecuting attorney did not transgress his rights in addressing the jury, such misconduct on the part of the prosecuting attorney did not entitle the defendant to a reversal of the judgment.

(1) 40 Cyc., p. 2497, n. 52, 53.  (2) 16 C. J., p. 896, n. 93, p. 916, n. 47.  (3) 17 C. J., p. 298, n. 21.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Wilder and Harold P. Huls for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

CURTIS, J.—The defendant was convicted of the crime of robbery and appeals from the judgment and order denying his motion for a new trial.

[1] The first point made by appellant for a reversal of the judgment is that the court erred in overruling his objection to a question asked Virginia Walton, a witness on behalf of the defendant. This witness had testified that the general reputation of the defendant was good for truth,

honesty, and integrity. On cross-examination the prosecuting attorney asked her whether she had ever heard that the defendant, on or about January 10th, had taken a Ford coupe, which he had bought on contract and on which he then owed a large part of the purchase price, to an isolated spot and with the assistance of a companion had stripped it of the accessories that they wanted and then set fire to it and pushed it over an embankment into a ravine. Over the objection of the defendant, the witness was permitted to answer the question, her answer being in the negative. It is now contended by the appellant that the sole purpose of the prosecuting attorney in asking this question was to prejudice the defendant in the estimation of the jury, and that the court erred in overruling appellant's objection thereto. The right to ask such a question of a witness, called for the purpose of establishing the good reputation of defendant, has frequently been before the courts of this state, and they have consistently held adversely to appellant's contention. In *People* v. *Gordan,* 103 Cal. 568, 574 [37 Pac. 534, 535], the supreme court said, "having testified as to the defendant's general good character, his opinion and the value of it may be tested by asking the witness, on cross-examination, whether he has ever heard that the person in question has been accused of doing acts wholly inconsistent with the character which he has attributed to him." A similar ruling was made in *People* v. *Perry,* 144 Cal. 748, 750 [78 Pac. 284], and *People* v. *Burke,* 18 Cal. App. 72, 88 [122 Pac. 435]. In *People* v. *Perry, supra,* the court said: "Such questions should not be asked by a district attorney in the absence of information warranting a reasonable belief on his part that the fact is as implied by the questions; in other words, the questions should not be asked for the mere purpose of getting before the jury an intimation that the defendant had theretofore been guilty of specific acts of misconduct; and where it is apparent that such is the only object of the questions it is undoubtedly misconduct on the part of the district attorney." These authorities fully sustain the action of the trial court in overruling appellant's objection to the question, unless it appears that the question was "asked merely for the purpose of getting before the jury information that the defendant had theretofore been guilty of specific acts of misconduct." We find

nothing in the record in the case before us that would justify us in holding that the question complained of was asked for any such improper purpose.

[2]   The next point made by appellant is based upon certain statements made by the prosecuting attorney in his argument before the jury, and upon the refusal of the trial court to instruct the jury to disregard such statements. These statements made by the prosecuting attorney in his closing argument were as follows: "I want to call your attention to the fact that I have not minimized the testimony of the defendant concerning a conversation, which he says he does not remember, but he would not say it did not occur in the courtroom of Department 19 a week or so ago, in which the proposition was broached concerning a plea of guilty to a second degree robbery with a chance of probation." Appellant's counsel immediately objected to these remarks, upon the ground that there was no evidence tending to support them, and asked that the jury be instructed to disregard them. The objection was overruled and the court refused to instruct the jury as requested by appellant's counsel. There was no evidence tending to show that any such conversation, as referred to by the district attorney, had ever taken place. The defendant, while on the witness-stand, was asked on cross-examination regarding such a conversation, but stated that he did not remember having had any such conversation and did not believe that any such conversation had occurred. There was no evidence offered by either side in addition to that given by the defendant, and it is apparent that the defendant gave no evidence that would even tend to prove such a conversation. It was therefore improper for the district attorney to comment upon the testimony of the defendant, that he did not remember such a conversation, or would not say that it had not taken place. In the absence of any proof tending to show that such a conversation had really occurred, it was error on the part of the trial court to overrule the objection made by counsel for the appellant to the remarks of the district attorney, and to refuse to instruct the jury to disregard such remarks.

[3]   Whether this error was such that would justify the granting of a new trial to the defendant, is another question. Under section 4½ of article VI of the constitution, a new trial should not be granted "unless, after an examination of the entire cause, including the evidence, the court be of

the opinion that the error complained of has resulted in a miscarriage of justice.'' It is true the evidence against the defendant was not overstrong, nor was it undisputed. While the person whom he was accused of robbing identified him a few days after the robbery and at the trial, and testified positively that the defendant robbed him, yet the crime was committed at about 10 o'clock at night, the defendant was an entire stranger to the complaining witness, and the opportunity of the latter of distinctly observing the form and features of the person robbing him, and of definitely fixing in his own mind the appearance and likeness of the robber, were not the best. Defendant denied that he had committed the crime, or had any part in it, or knew anything about it. The witness, Virginia Walton, testified that the defendant was at a dance at Venice from about 9:15 until 12 o'clock on the night of the robbery, and that she danced with him a number of times during the evening, and after the dance the defendant accompanied her home. On the other hand, one DeWitt Hodges, who is charged jointly with the defendant, but who was tried separately, admitted, in the presence of defendant and before two police officers, that the defendant and himself had committed the crime. On this occasion Hodges said to the defendant, ''Well, we are caught. We did it, and we got the money. It is wrong. We might just as well go up and take our medicine and get it over with.'' The defendant did not deny the charge, but stated to the officers, ''Well, what am I going to get out of this if I plead guilty and make a statement?'' On being informed by the officers that a sentence for robbery was from one year to life, the defendant said, ''Well, that's a long time. I would have a long time to think the matter over in that time. I will let you know later. I don't believe you fellows can convict on this case anyway. I will have a talk with you later about it.'' From the evidence in the case thus briefly reviewed, we do not feel that we can say that the error complained of, that is, the objectionable statements made by the prosecuting attorney to the jury, and the refusal of the court to instruct the jury to disregard these statements, has resulted in any miscarriage of justice. When we take into consideration the fact that the complaining witness, although his opportunities for observing the person who robbed him were not the most favorable, positively identified the defend-

ant as the man who committed the crime, together with the attitude and the statements of the defendant at the time Hodges admitted to the officers his own participation in the robbery and in effect charged that he and the defendant were guilty of its commission, we are of the opinion that the jury upon this evidence in all probability would have rendered a verdict of guilty against the defendant, even if the prosecuting attorney had not transgressed his rights in addressing the jury. We are impressed with the belief that, if an innocent man were accused of a crime, under circumstances similar to those under which the defendant was accused by his accomplice, he would in some manner have denied his guilt, and that the defendant's failure to do so, coupled with the statements made by him at the time, are strongly indicative of his guilt. Our conclusion, therefore, is that the error complained of is not of such a character that it prejudices the defendant in any of his substantial rights, and does not entitle him to a reversal of the judgment.

The judgment and order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.