[Crim. No. 839.  Third Appellate District.—March 19, 1925.]

THE PEOPLE, Respondent, v. H. H. HENDRICKS, Appellant.

[1] CRIMINAL LAW—BURGLARY—TESTIMONY OF ACCOMPLICE—CORROBO-
RATION.—In a prosecution for burglary, the conviction of the de-
fendant cannot be upheld upon the testimony of a person who,

---

1. Conviction on uncorroborated testimony of accomplice, notes, 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158. See, also, 1 R. C. L. 168; 8 Cal. Jur. 179.

according to his own testimony, was an accomplice, unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

[2] ID.—ACCUSATION OF CRIME—SILENCE—FALSE STATEMENT—CORROBORATION.—In such prosecution, defendant (while in jail following his arrest) having been asked by the arresting officers about the stolen articles, it was immaterial whether the jury believed the officer who testified that defendant refused to answer or the other officer who testified that defendant said he "knew nothing about them," as either his silence or his false statement, taken in connection with the facts that the stolen articles were found in his garage and that he admitted he saw part of them there several days prior to his arrest, constituted evidence against him, corroborative of the testimony of his accomplice.

[3] ID.—TESTIMONY OF ACCOMPLICE—INSTRUCTIONS.—In such prosecution, the trial court did not err in refusing to instruct the jury that "the testimony of an accomplice is to be viewed with distrust"; neither did the court err in refusing to give another instruction proposed by defendant, where every proposition of law contained in such proposed instruction was fully covered by other instructions which were given.

[4] ID.—CHARACTER WITNESSES—CROSS-EXAMINATION.—In such prosecution, in the cross-examination of character witnesses produced in behalf of defendant and who testified that his honesty was good, the district attorney was properly permitted, over defendant's objections, to ask said witnesses if they had ever discussed with anybody in a designated city about defendant being connected with a band of automobile accessory thieves or if they had ever discussed with anybody the fact that defendant was connected with two young men and that they had stolen certain specified automobile accessories from the machines of certain named person, which questions were answered in the negative.

---

(1) 16 C. J., p. 698, n. 88, p. 703, n. 29.  (2) 9 C. J., p. 1074, n. 8; 16 C. J., p. 631, n. 68, p. 707, n. 56.  (3) 16 C. J., p. 999, n. 78, p. 1063, n. 85.  (4) 40 Cyc., p. 2497, n. 53.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

2.  See 8 Cal. Jur. 181.

Peter J. Wilkie for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of burglary of the second degree. He prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial.

At the time of the alleged burglary the defendant and his wife resided in Sacramento. He was in the employ of a construction company and his wife was working in a cannery. His wife's brother, Charley Haggerty, a boy of the age of fifteen years, lived with them. In the year 1923, at the town of Gridley, the defendant had a speaking acquaintance with Raymond Cherry, of the age of twenty years, an accomplice in the alleged burglary. They later worked in a cannery at Palermo, but their acquaintanceship there was not intimate. In June, 1924, the defendant rented half of a double garage in which to keep his Oakland automobile. On the 8th of July Cherry and a lifelong friend and chum, Bob Webb, a boy of the age of seventeen or eighteen years came to Sacramento and secured employment in the cannery in which the defendant's wife worked. On their arrival here the defendant introduced Cherry to the owner of the aforesaid garage and Cherry rented the half of the garage not occupied by defendant's automobile and thereafter kept his Ford automobile therein. The garage consisted of but one room with space therein for two machines.

Cherry testified that during the night of August 11th he and the defendant broke into a garage in which a Ford automobile was stored and stole therefrom a storage battery, a pump, and a sun visor and carried them to the garage in which they kept their automobiles. The defendant denied that he in any manner participated in the burglary or was present at its commission.

The defendant further testified that during the evening of August 18th he took certain persons to a place near Florin, his wife, Cherry, and Webb accompanying him; that on his return he reached home about 10 or 10:30 o'clock; that he left his wife there and then drove to the corner of

Twentieth and F Streets, where he parked his automobile, arriving there about 10:45, Cherry, Webb, and Haggerty accompanying him; that he and Cherry then went to the alley between Nineteenth and Twentieth Streets to look for a man to take the defendant's place with the construction company the next day; that he did not know where this man lived except that the man had told him that he lived on that alley; that he did not find the man he was looking for; that he and Cherry had "just come to the car" on their return from the alley when police officers arrived and took them all into custody; that on his return from the alley to the automobile Webb was in the machine with an automobile jack which he said he had taken from an automobile that night. The defendant also testified that he did some repair work on Cherry's automobile on the evenings of August 11th and 12th and that he first saw the stolen sun visor in their garage in the evening of the latter day.

One of the police officers testified that on the 18th of August the defendant's car was parked at the corner of Twentieth and F Streets, in front of a vacant lot, at 11:30 at night, when the officers discovered it and took the occupants into custody. The defendant and Cherry were placed in the county jail and on the following day Cherry was taken to their garage, where the officers found the stolen battery installed in Cherry's automobile. The pump was in his machine and the sun visor was in front thereof, leaning against the wall. The officers returned to the jail and asked defendant about the stolen articles. One of them testified that defendant refused to answer their questions. Another testified that defendant said he "knew nothing about them." It was for the jury to determine which officer correctly related what occurred. The owner of the stolen articles testified that his garage had been broken into and the enumerated articles taken therefrom.

[1] According to his own testimony Cherry was an accomplice. The conviction cannot be upheld unless his testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense, and "the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." (Pen. Code, sec. 1111.) [2] If the defendant told the officers that he knew nothing about the stolen articles, then his

statement was false, because he testified that he saw the sun visor in the garage on the 12th of August. If he refused to make any reply when he was asked about the incriminating evidence against him, then his silence was in the nature of an admission of guilt. "Misrepresentations, contradictions, or silence of defendant when accusing statements are made usually will have the same effect as a confession or admission as corroborative of the accomplice." (16 C. J. 707; *Holt* v. *State*, 28 Ga. App. 758 [113 S. E. 49]; *Ettinger* v. *Commonwealth*, 98 Pa. 338.) "When a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt." (*People* v. *Bringhurst*, 192 Cal. 748, 752 [221 Pac. 897]; *People* v. *Ong Mon Foo*, 182 Cal. 697, 703 [189 Pac. 690]; *People* v. *Byrne*, 160 Cal. 217, 234 [116 Pac. 521]; *People* v. *Amaya*, 134 Cal. 531, 533 [66 Pac. 794].) In connection with defendant's silence or his false statement, as the fact may be, relative to knowledge of the articles which were stolen, the jury probably attached some importance, and reasonably so, to the fact that the stolen articles were found in the garage occupied by defendant. The evidence of what occurred during the evening of August 18th was admitted without objection, the greater part thereof being the defendant's own testimony. It cannot be said that the corroboration is insufficient.

[3] Appellant contends that the court erred in refusing to instruct the jury that "the testimony of an accomplice is to be viewed with distrust." In answer to the contention it is sufficient to cite the case of *Hirshfeld* v. *Dana*, 193 Cal. 142 [223 Pac. 451], where the question is exhaustively considered and decided adversely to appellant's contention. Complaint is made of the court's refusal to give another instruction proposed by defendant. Every proposition of law contained in the proposed instruction is fully covered by other instructions which were given.

[4] Complaint is made of the latitude allowed the district attorney in the cross-examination of character witnesses produced in behalf of defendant and who testified that his reputation for honesty was good. One of such witnesses

was asked questions as follows: "Did you ever discuss anything with anybody in Sacramento about him being connected with a band of automobile accessory thieves? Did you ever discuss with anybody the fact that he was connected with two young men of the ages of seventeen to twenty, and that they had stolen an automobile jack and wrenches from a man's car, the owner's name being Mr. Pierce, of 1701 G Street, and that they took some tools from a White truck belonging to a man named Roslyn, that they took a pair of side wings from a car at Del Paso Park, belonging to Mr. Harry P. Leach, and that they took a motor meter from a car belonging to a man named W. N. Aldrich?" The questions were answered in the negative. It was not error to overrule defendant's objections to the questions. (*People* v. *Stennett*, 51 Cal. App. 370 [197 Pac. 372]; *People* v. *Burke*, 18 Cal. App. 72 [122 Pac. 435].)

The judgment and the order are affirmed.

Jones, J., *pro tem.*, and Plummer, J., concurred.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1925.

All the Justices concurred.