[Crim. No. 1239. First Appellate District, Division Two.—May 9, 1925.]

## THE PEOPLE, Respondent, v. ANDREW CECIL, Appellant.

[1] CRIMINAL LAW — VIOLATION OF SECTION 288, PENAL CODE — PRESUMPTION OF INNOCENCE.—In a prosecution on the charge of violating the provisions of section 288 of the Penal Code, the defend-

———————

1. See 8 Cal. Jur. 343.

ant is not prejudiced by the refusal of the trial court to give a requested instruction covering the presumption of innocence and directing the jury to view all the testimony in the light of that presumption throughout the trial of the case, where in one of the instructions given the jury is told: "A defendant in a criminal action is presumed to be innocent until the contrary is proved. And in a case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. . . . All the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proven guilty."

[2] ID.—REASONABLE DOUBT—MERE PROBABILITIES—INSTRUCTIONS.—In such prosecution, the defendant is not prejudiced by the refusal of the trial court to give a requested instruction to the effect that mere probabilities are not sufficient to warrant a conviction or that a conviction could not be had upon the weight of the testimony alone, but that it must rest upon proof of guilt beyond a reasonable doubt, where the court gives an instruction which, after defining reasonable doubt, advises the jury that "it is not sufficient to establish a probability though a strong one arising from the doctrine of chances, that the fact charged is more likely to be true than the contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it."

[3] ID.—VIOLATION OF SECTION 288, PENAL CODE—INFORMATION—VERDICT—ERROR WITHOUT PREJUDICE.—Where an information, in addition to charging a violation of the provisions of section 288 of the Penal Code, details the specific acts the defendant is charged with having committed, any error in the form of the verdict, because of the fact that it finds the defendant guilty "of the crime of felony, to wit, violating the provisions of section 288, of the Penal Code," without including therein the words "as charged in the information," will not justify a reversal of the judgment, where the record shows that defendant was fairly tried and fairly convicted of the offense charged in the information and defendant is unable to show that any prejudice resulted to him from the form of the verdict.

(1) 16 C. J., p. 1063, n. 85.    (2) 16 C. J., p. 1063, n. 85.    (3) 17 C. J., p. 356, n. 22.

2.   Instructions concerning reasonable doubt, note, 48 **Am. St. Rep.** 566.   See, also, 8 Cal. Jur. 360.
3.   See 8 Cal. Jur. 403, 404.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Spencer G. Prime for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried and convicted upon an information charging him with a violation of the provisions of section 288 of the Penal Code. On the day of arraignment the defendant orally moved for a new trial without assigning any grounds therefor. This motion was denied and the defendant has appealed from the judgment and from the order denying a new trial upon a record prepared under section 953a of the Code of Civil Procedure.

On these appeals but two grounds are urged by the appellant: First, that the trial court erred in refusing to give the jury certain instructions proposed by the appellant, and, second, that the verdict is void because not in proper form. Beyond the suggestion that the appellant was not properly identified by the witnesses for the prosecution no attack is made upon the evidence. The direct testimony detailing the circumstances of the alleged assault as given by the prosecutrix was sufficient in itself, if believed by the jury, to sustain a verdict of guilty. The testimony of the witnesses who were called by the state to give evidence of corroborating circumstances was conflicting in some respects, particularly as to the methods used by each witness in identifying the accused. But these witnesses, most of whom were young children, gave their testimony in an apparently straightforward manner and all agreed in identifying the appellant as the party who had been in the place where the offense was committed at the time fixed by the prosecutrix. Though the appellant took the witness-stand in his own behalf, he did not expressly deny the testimony of the prosecutrix covering the actual commission of the offense. On the other hand, his testimony, which was confined to the matter of identification and the effort to prove an alibi, was of such a

nature that the jury must have treated it as an admission of guilt.

The first assignment of error relates to the refusal of the trial court to give certain instructions requested by the appellant. [1] The first of these instructions covered the presumption of innocence and directed the jury to view all the testimony in the light of that presumption throughout the trial of the case. It was refused upon the grounds that the same subject had been covered in instructions previously given by the court. In referring to the instructions which were given we find the following: "A defendant in a criminal action is presumed to be innocent until the contrary is proved. And in a case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. . . . All the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proven guilty." This instruction fully covers the subject matter of the one proposed by the appellant.

[2] The second proposed instruction was to the effect that mere probabilities are not sufficient to warrant a conviction or that a conviction could not be had upon the weight of the testimony alone, but that it must rest upon proof of guilt beyond a reasonable doubt. The trial court refused to give this instruction upon the ground that the subject matter had been covered in the instruction which was given and which after defining reasonable doubt, advised the jury, "it is not sufficient to establish a probability though a strong one arising from the doctrine of chances, that the fact charged is more likely to be true than the contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it." We are satisfied that the instruction given to the jury on this subject sufficiently covered the matters contained in the second instruction proposed by the appellant and that no prejudice resulted to the appellant in the refusal to give either instruction.

[3] The second point urged by the appellant is that the verdict is void because the jury merely found the appellant guilty "of the crime of felony, to wit: violating the pro-

visions of section 288, of the Penal Code.'' The argument is
that as the information charged the appellant with the viola-
tion of specific acts it was necessary to the validity of a
verdict of guilty to find him guilty of the specific acts
charged in the information and that the verdict which merely
found him guilty of violating the provisions of section 288
of the Penal Code is not necessarily a finding of the truth
of these specific acts. In the argument upon this point the
appellant directs our attention to the rule of the cases holding
that when the statute does not define the crime except as
the specially forbidden acts define it a verdict is insufficient
which neither refers to the information nor contains a re-
cital of the inhibited acts. It is unnecessary to discuss, the
authorities which have been cited in support of this rule
as it is well settled and as we understand it is not questioned
by the respondents. In support of the verdict the respondent
directs our attention to the fact that the information specifi-
cally charged the appellant with a violation of the provisions
of section 288 of the Penal Code, and that the jury found
him guilty of that offense. It is further said in argument
that the specific acts which are detailed in the information
are the same acts which are mentioned in section 288 of the
Penal Code as descriptive of the offense charged. From this
it is argued that the rule applicable to the particular case
is that found on page 404, volume 8, of California Juris-
prudence: ''Where the statute in a word specifies and defines
the crime, it is sufficient for the verdict so to specify it.
Thus, it is sufficient for the verdict to find the defendant
guilty of 'forgery' or of 'manslaughter.' ''

We are not prepared to follow the state to the extent
that the verdict as rendered is free from legal objections. It
has been pointed out in numerous cases that in the trial of
cases of this nature the verdict should find the defendant
guilty or not guilty of the offense ''charged in the informa-
tion or indictment.'' Though we entertain these views it
does not follow that the judgment should be reversed. At
the time of the oral argument we requested the appellant
to point out to us what prejudice resulted to him from the
form of the verdict, but he was unable to do so. We have
examined the entire record with care and are satisfied from
our examination that the appellant was fairly tried and
fairly convicted of the offense charged in the information,

and we are unable to perceive how any prejudice has resulted to him because the jury in rendering its verdict failed to include in its verdict the words ''as charged in the information.''

Without approving the form of the verdict, but because no prejudice is shown to have resulted therefrom, the judgment and order denying a new trial are affirmed.

Langdon, P. J., and Preston, J., *pro tem.,* concurred.