[Crim. No. 1602. Second Appellate District, Division Two.—
April 3, 1928.]

THE PEOPLE, Respondent, v. CLAUDE RICE, Appellant.

Harry S. Harper for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIG, J.—The defendant was convicted on each of two counts of an information charging him with violations of sections 288 and 288a of the Penal Code, respectively. The appeal is from the judgment and an order denying motion

for new trial. The victim of the felonious acts of the defendant was a boy eight years of age. It would serve no useful purpose to recite the testimony, which is sharply conflicting on several matters, and the complaining witness is contradicted by a number of witnesses for the defendant, but believing and accepting the boy's story as true, which the jury evidently did, a complete case was made upon both counts.

The brief of counsel for the defendant is mainly occupied with a discussion of the weight of the evidence and a comparison of the testimony. If there is any principle of law that is elementary it is that such considerations have no place in the presentation of an appeal of a defendant found guilty of crime, unless some exceptional issue, not here suggested, is present; for example, where it is doubtful if the error committed prejudiced the substantial rights of the defendant. The jury saw the witnesses, and heard them testify, and its verdict as to the weight of the evidence and credibility of the witnesses is final.

There is no merit to the contention that the trial court committed error in not ordering an inspection of the premises by the jury. This is a question peculiarly within the discretion of the trial judge, and there is nothing in the record to show any abuse of that discretion.

It is charged that the trial court abused its discretion in that it unreasonably limited the time for argument by counsel for the defendant. The record does not sustain this claim. It shows that the court merely indicated its desire that the arguments should not last more than half an hour on each side, but that more time would be permitted if a longer period were required. No request for additional time was made, nor is there anything to substantiate the assertion now put forth, apparently for the first time, that the period suggested by the court was not sufficient.

A number of witnesses were called to testify to the good general reputation of the defendant in the neighborhood of his residence. On cross-examination each of these witnesses was asked if he had heard that a certain little girl had made complaint that the defendant had taken liberties with her person. That a character witness may be examined as to his knowledge of reports of specific charges of acts inconsistent with the reputation as to which he has testified

is well recognized. (*People* v. *Hightower,* 65 Cal. App. 331 [224 Pac. 110].) ▮ That such a complaint had been made was testified by the defendant himself, and so it cannot be doubted that the district attorney was acting in entire good faith in asking the questions. There was no error in the ruling of the court in this regard.

▮ However, this cannot be said of another question asked by the deputy district attorney. Following the one to which we have just adverted, a witness was asked if he had not heard "that the authorities were unable to proceed with the case because the little girl was too young to make a good witness." This question was calculated and doubtless intended, not to qualify the evidence which the witness had given, but to explain why the defendant had not been prosecuted upon another charge, and therefore to suggest to the jurors that the defendant was probably guilty of such other offense. This was highly improper. However, the trial court at once sustained an objection to the question and said: "The jury is instructed to disregard the expression of counsel, and I will instruct you, as I will further instruct you before submitting the case, that when a question is asked and the court sustains an objection, you have no right to assume that the facts for which the question calls would or would not be the facts; in other words, you have no right to assume that the facts would come as implied by the question, and the entire matter must be disregarded by you." It is true that in exceptional instances the harm done by misconduct of counsel cannot be cured by any instruction from the court, but under the circumstances here presented we think this admonition was sufficient to safeguard the rights of the defendant and that the misconduct of the deputy district attorney was not of such a nature or extent as to be incurable through this timely and clear instruction.

The judgment and order denying new trial are affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.