[Crim. No. 1812. Second Appellate District, Division One.—August 13, 1929.]

THE PEOPLE, Respondent, v. ALBERT W. SMITH, Appellant.

James M. Burke, Thomas Gould, Jr., and Jarrett G. Beckett for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, and James C. Hollingsworth, District Attorney, for Respondent.

HAHN, J., *pro tem.*—Defendant appeals from a judgment of conviction of the crime denounced by section 288a of the

Penal Code of the state of California, with which he was charged by an information filed by the district attorney of Ventura County. The victim of the alleged unlawful conduct of the defendant was a lad of the age of seven years.

The grounds upon which the appellant urges a reversal of the judgment are, stated in brief, as follows:

1st. The alleged "confession" of Smith was not voluntary and should not have been admitted in evidence.

2d. The district attorney was guilty of misconduct highly prejudicial to the defendant.

3d. The trial court erred in ruling on the admission of evidence.

We do not deem it necessary to present a recital of the evidence relating to the offense, or the detailed testimony bearing on the question as to whether or not the confession was voluntary. We have carefully examined the voluminous transcript of the evidence adduced at the trial, and have concluded that there are no reversible errors appearing in the record. We will therefore briefly refer to such matters which we feel should be discussed in this opinion.

■ The defendant testified that while he was incarcerated in the city jail after his arrest, the father of the boy, who was the chief of police of the city of Oxnard, and in whose custody the defendant then was, promised he would not prosecute him for the offense if he would admit that he "did it." Defendant also testified as to certain acts of physical violence visited upon him by the father of the boy and one of the police officers at the time of his arrest, and also while incarcerated in the city jail, which acts of violence so instilled him with fear as to induce him to make the alleged confession. The promises of immunity, as well as all of the acts of violence, except the attack made upon the defendant by the chief of police in the home of the chief of police prior to or at the time of defendant's arrest, were all specifically denied by the chief of police and other police officers and persons present at the time the certain incidents were alleged to have occurred. All this evidence was presented before the jury, who were properly instructed by the court as to their power in weighing the evidence and determining whether or not the confession was made without any promises of immunity and voluntarily made without threat or duress. This court cannot, under the circumstances, disturb

the findings of the jury, assuming that they accepted the confession as voluntarily made and without promise of immunity or reward. The jury's determination under the circumstances is final.

The next question as to the misconduct of the district attorney relates, first, to the question asked by him in cross-examining a witness by the name of Rothert, who was a character witness presented by the defendant. After the witness in question had stated that he was acquainted with the defendant's reputation in the community where he resided, with regard to the traits of character of the defendant involved in the action, and having answered that such reputation was good, the district attorney propounded the following question to him: "I will ask you this, Mr. Rothert: Have you had occasion to hear during your residence in Oxnard, either before or after the filing of the complaint in this case, as to a certain act of perversion that the defendant in this case committed upon a little girl named Betty Culver, a music pupil of the defendant Smith, in the city of Oxnard?" The question was objected to by counsel for the defendant and assigned as improper conduct on the part of the district attorney. He also moved to have the question stricken from the record and the jury instructed to disregard the same and that the district attorney be reprimanded by the court for asking the question. The objection was overruled and the motion of the defendant's counsel was denied by the court. It is urged with considerable force by appellant that a serious injustice was done him by the asking of this question, in that it implied that such an occurrence had taken place and there was no evidence introduced by the district attorney, either that the incident had occurred or that there was any rumor, report or public comment of such an incident that could have come to the hearing of the witness. Whatever may be the merits of defendant's contention on this point, the question is no longer open to debate, as it has repeatedly been held in this state that it is not error for the district attorney, in cross-examining a character witness presented by the defense, to ask questions of this kind, unless it appears from the record that the district attorney is not acting in good faith. (*People* v. *Sieber*, 201 Cal. 341 [257 Pac. 64]; *People* v. *Hendricks*, 71 Cal. App. 730 [236 Pac. 214]; *People* v. *Moran*, 144 Cal. 48 [77

Pac. 777] ; *People* v. *Perry,* 144 Cal. 748 [78 Pac. 284] ; *People* v. *Burke,* 18 Cal. App. 72 [122 Pac. 435].)

In the instant case there is nothing in the record, other than a total absence of any evidence as to the truth of the wrongdoing implied in the question, that would suggest that the district attorney was not asking the question in good faith.

█ The other criticism urged against the conduct of the district attorney relates to statements made by him in his argument to the jury. In his closing argument the district attorney made the following statement: "The witnesses that he called here to support his reputation, themselves, all but one, testified that they had never heard it discussed. They knew nothing about it. But one had; Rothert had. He was asked the question that Mr. Gould made much of in his argument to this jury: 'Did you hear what he did to Betty Culver—the Betty Culver whose mother, he claims, called up on the phone the week previous to that, about that little girl's music lesson.' And Mr. Gould is asking now and he asks me to state to him where I got my information about Betty Culver. I'll tell him to ask Robert Clark, the sheriff, and to ask the parents of Betty Culver in the city of Oxnard, and find out where we got our information. If he wants to ask me the question, I have answered it."

Defendant's counsel objected to this statement and assigned the remarks as reversible error and requested the court to strike the remarks of the district attorney and admonish the jury to disregard them. Whereupon the court made the following statement to the jury: "Of course the jury will remember what the testimony is; and any remarks that are made by counsel are not evidence in the case and if any remarks are made by any counsel in this case, which are not supported by the record, you will disregard them. You may proceed."

Whereupon the district attorney made the following statement: "Mr. Gould in his argument—I took it down at the time—wanted to know and wanted me to state to this jury what there was about this Culver business. That is why I made the statement."

The language used by defendant's attorney does not appear in the record, nor does appellant in his brief claim that the statement, made by the district attorney with regard

to the Betty Culver matter in his argument to the jury, was not made in answer to the challenge of defendant's counsel in his address to the jury. We are, therefore, justified in assuming that the remarks complained of were elicited by the challenge of defendant's counsel, and in that case he was not in position to complain that the answer to the inquiry was prejudicial. Notwithstanding the challenge, it would have been better had the district attorney ignored the query and refrained from making any reference to the Betty Culver matter in his argument. Furthermore, it appears that the court instructed the jury to disregard any statement made by counsel in their arguments, except so far as it correctly restated the evidence in the case.

Under the circumstances disclosed by the record, the remarks of the district attorney in his argument would not constitute reversible error.

The last ground urged by appellant on behalf of a reversal deals with several specified rulings made by the court during the trial. In several of the instances the rulings were erroneous, but they referred to relatively unimportant matters, and we are quite satisfied that they did not constitute reversible error. In the interest of brevity, we do not deem it necessary to specifically refer to each point urged in connection with these rulings.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.