[Crim. No. 1110.   Third Appellate District.—March 8, 1930.]

THE PEOPLE, Respondent, v. LUZ CABERERA, Appellant.

Sam Duker and D. P. Eicke for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of assault with a deadly weapon with intent to murder B. Poledo. The jury returned a verdict reading as follows:

"We, the jury in the above entitled cause, find the defendant, Luz Caberera . . . guilty of an assault with a deadly weapon."

The defendant was sentenced to imprisonment in the state prison at San Quentin. This is an appeal from the judgment.

Appellant contends that the verdict is insufficient because it does not give the name of the person assaulted, or describe the weapon used by him. The objection is without merit. (*People* v. *Gayle,* 202 Cal. 159, 163 [259 Pac. 750]; *People* v. *Jochinsky,* 106 Cal. 638, 642 [39 Pac. 1077]; *People* v. *Cecil,* 72 Cal. App. 565, 568 [237 Pac. 568]; *People* v. *Somsky,* 46 Cal. App. 377, 378 [189 Pac. 456].) The defendant waived any objection to the form of the verdict by his failure to object thereto at the time it was returned.

(*People* v. *Gayle, supra; People* v. *Chiappelone,* 90 Cal. App. 472 [265 Pac. 976]; *People* v. *Cornell,* 29 Cal. App. 430 [155 Pac. 1026].)

A witness for the People testified that the weapon which the defendant said he used in making the assault is "a small penknife." The defendant testified that on the day following the assault he "used it to peel onions and potatoes" when he "made breakfast." There is nothing further in the record to show the character of the weapon except that it penetrated the coat and overcoat of Poledo and inflicted "a stab wound in the right chest" and other wounds, causing him to be "very weak, and bleeding very much from a wound above his nose, and another wound on his chest." The knife was introduced in evidence, and from an examination of it the jury could have had no difficulty in determining whether it was a deadly weapon. The defendant testified that the knife was open in his right coat pocket immediately prior to the assault.

Section 1168 of the Penal Code provides that the minimum imprisonment for the commission of a felony by "a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest" shall be seven years, and that "the words 'deadly weapon' as used in this section are hereby defined to include any instrument or weapon of the kind commonly known as a blackjack, slung-shot, billy, sand club, sand bag, metal knuckles, any dirk, dagger, pistol, revolver or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club."

Appellant contends that, under the aforesaid provisions of section 1168, "unless the verdict shows that it was a knife with a blade shorter than five inches . . . the defendant is bound to suffer a heavier punishment than if the . . . verdict disclosed the facts." It is clear that section 1168 does not purport to define "deadly weapon" in the sense in which those words are used in section 245 of the Penal Code, defining the crime of assault with a deadly weapon, but expressly limits the definition to those words "as used in this section." If the enumeration of deadly weapons in section 1168 is to be construed as exclusive, then the appel-

lant is in no danger of suffering the greater punishment provided for by that section, because there is nothing in the record to show that the weapon with which he was armed is of a kind mentioned therein. If such enumeration be construed as not exclusive, then it is immaterial that the weapon is not described other than as a "deadly weapon," because the defendant will then be subject to the greater punishment, regardless of the kind of deadly weapon with which he was armed.

Appellant complains of the court's failure to give the jury a definition of a deadly weapon. While such a definition should have been given, the defendant suffered no prejudice from the failure to give it, because it is a matter of common knowledge that a knife, when used as an instrument with which to stab or cut a human being, is a deadly weapon.

The defendant produced witnesses who testified that his reputation for peace and quiet was good. On cross-examination these witnesses were asked whether they had heard that the defendant had been guilty of acts of violence, naming them, prior to the assault upon Poledo. Appellant contends that the asking of these questions constituted prejudicial misconduct and that it was error to overrule his objections thereto. If the questions were asked in good faith, and there is nothing in the record to show that they were not so asked, then there was no error or misconduct in connection therewith. (*People* v. *Gayle, supra; People* v. *Sieber,* 201 Cal. 341 [257 Pac. 64] ; *People* v. *Rice,* 90 Cal. App. 590 [266 Pac. 295] ; *People* v. *Heath,* 79 Cal. App. 20 [248 Pac. 1027] ; *People* v. *Simons,* 70 Cal. App. 143 [232 Pac. 772].)

It clearly appears from the evidence that the defendant is guilty of the offense of which he was convicted, and there is no prejudicial error in the record.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.