[Crim. No. 2151. Second Appellate District, Division Two.—January 5, 1932.]

THE PEOPLE, Respondent, v. GEORGE BUCHANAN et al., Defendants; DONALD DAVIS, Appellant.

Joseph W. Ryan and Frank J. Ryan for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

FRICKE, J., pro tem.—Defendant Donald Davis appeals from a judgment of conviction of the crime of robbery in the first degree. The appeal of defendant George Buchanan, taken at the same time, has heretofore been dismissed.

Appellant's first point is that the district attorney was guilty of prejudicial misconduct in the cross-examination of a defense witness who testified that the general reputation of appellant in the community in which he lived "for truth, honesty and integrity" was very good. On cross-examination the witness stated, "Well, all I know is just good things about him; I don't know anything otherwise." The prosecutor then put the question: "Do you know that he has been arrested for the crime of delinquency and grand larceny in 1926?" The court sustained an objection to this question. The district attorney then asked the witness: "Do you know that he was arrested for receiving stolen property on June 1st, 1927?" to which the court also sustained an objection. The ruling of the court appears to have been based upon the fact that, at the times referred to, appellant was only seventeen years of age and that the arrests referred to in the questions were disposed of in the juvenile court. The prosecutor next asked the witness whether she knew that appellant was in 1930 convicted and sentenced on a charge of drunkenness. To this no objection was made, but the court declared the matter incompetent of its own motion and the question was not answered.

The questions as to the knowledge of the witness of the arrest for delinquency and grand larceny in 1926 and for receiving stolen property in 1927 were proper. The witness had on direct examination stated that the general reputation of appellant for honesty and integrity was very good, and on cross-examination amplified this by saying that all she knew about him was "just good things" and that she did not know anything otherwise.

■ Evidence of the good character of a defendant for the traits involved in the offense for which he is on trial is admissible on the theory that it tends toward proving the improbability that the accused was the person who committed the offense. The issue as to such character can be raised only by the defense first introducing evidence of the good reputation of the accused. It then becomes competent for the prosecutor to meet such proof by evidence of bad reputation for the traits of character involved in the offense charged and to inquire on cross-examination of the character witnesses for the defense as to the basis of their direct testimony; ''and to that end he is entitled to and should be given the privilege of asking the witness about any fact or circumstance adversely affecting the defendant's personal character''. (*People* v. *Stennett,* 51 Cal. App. 370, 381 [197 Pac. 372, 378].) Thus it has been repeatedly held proper to inquire on cross-examination of the character witness as to his knowledge or reports of specific charges of acts inconsistent with the character he is called on to prove. (*People* v. *Steele,* 100 Cal. App. 639 [280 Pac. 999]; *People* v. *Smith,* 100 Cal. App. 344 [279 Pac. 1022]; *People* v. *Rice,* 90 Cal. App. 590 [266 Pac. 295]; *People* v. *Sieber,* 201 Cal. 341 [257 Pac. 64]; *People* v. *Hightower,* 65 Cal. App. 331 [224 Pac. 110]; *People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47]; *People* v. *Simons,* 70 Cal. App. 143 [232 Pac. 772].) A witness who testifies that the general reputation of the accused is good in a particular respect is not declaring his personal opinion, for that is inadmissible, but is stating in effect that, having contacted with a substantial number of the people of the community who would be likely to know the character of the accused, he has not heard or learned of anything which would justify the conclusion that the latter was not of good character. Obviously, the prosecutor is not bound by such a statement on direct examination, and, under his basic right to cross-examine the witness upon the subject of his direct testimony, the district attorney may inquire whether the witness did not hear of a certain specified matter detrimental to the character to which he has testified. While the rule requires that such questions may properly be asked only when propounded in good faith and under a justifiable belief that such adverse comments were made, that limitation does not exist here, for it is

apparent from the transcript that defense counsel was familiar with the fact of the arrests and the consequent proceedings in the juvenile court, and no contention is made that there was any lack of good faith on the part of the prosecutor. As the defendant was being tried upon charges of robbery and theft, involving the traits of honesty and integrity, it was proper for the district attorney to inquire of the witness whether she had not heard that the defendant had in one instance been arrested for delinquency and grand theft and on another occasion upon the charge of receiving stolen property, offenses which involve these identical traits. The fact that the arrests and charges were made while appellant was a minor and resulted in proceedings in the juvenile court does not affect the admissibility of the evidence or the propriety of the questions. The mere accusation of appellant of offenses involving dishonesty and lack of integrity would warrant the cross-examination of the character witness as to her knowledge of such accusation, and the fact of accusation would still exist regardless of whatever proceedings were subsequently taken upon such charges.

As to the question involving the charge of drunkenness, while appellant made no objection, the trial court ruled that the matter was incompetent and the question was never answered. The question was, however, proper in view of the fact that the witness had stated, "Well, all I know is just good things about him; I don't know anything otherwise." Appellant was not entitled to have this declaration of a character *sans reproche* pass unquestioned, and it is quite apparent that had the witness admitted knowing of the arrest such admission would materially have decreased the weight of her testimony.

Finally, the court instructed the jury to disregard the entire matter involved in the questions referred to, and in its instructions at the close of the case directed the jurors to disregard and draw no inferences from questions asked by counsel which the court did not permit to be answered. We must presume that the jury followed these instructions. The appellant has no cause for complaint because of the asking of the questions.

Appellant cites section 2051 of the Code of Civil Procedure, refers to the rule that a witness may not be impeached by proof of his conviction of a misdemeanor and

calls attention to the fact that a proceeding against a delinquent minor in the juvenile court is not a criminal matter and could not be used in an application of section 2051. In this argument counsel has confused the law as to proof of the character of a defendant for the traits of character involved in the offense charged with the law governing the impeachment of a witness. In the law of impeachment evidence of good character is inadmissible until such character has been attacked by the adverse party. The fact that the evidence of good character was introduced by the defense without it having been first attacked by the prosecution shows, at least as against appellant, that this proof was offered under the rules governing proof of the character of the accused for the traits involved in the offenses charged. The rules governing the impeachment of witnesses are therefore inapplicable.

The second and third points of appellant relate to the similar cross-examination of character witnesses for appellant's co-defendant. This examination was proper under the rules above set forth.

Appellant's final contention is that the evidence is insufficient to sustain the verdict. The victim of the robbery, one George LaBoye, testified that he was held up by appellant, who had a gun in his hand, ordered him to "stick them up" and threatened to shoot him if he ran, and that in the meantime the co-defendant, Buchanan, came up and took some change from the victim's trouser pocket and appellant relieved him of a wallet which he had on his person. These facts, believed by the jury, are sufficient to sustain the conviction of robbery in the first degree. While there was testimony tending to prove an alibi, this merely created a conflict in the evidence, and the conclusion of the jury rejecting the alibi and accepting the testimony of the victim of the robbery is final and presents no question of law for review by this court. As has been so frequently stated, the jury is the sole judge of the weight of evidence and the credibility of witnesses.

Appellant calls attention to the fact that while both defendants were charged in count 2 of the information with the robbery of George LaBoye, they were also charged in count 1 with the theft of an automobile and in count 3 with the robbery of one Ray McMillan, and that at the

conclusion of the state's case counts 1 and 3 were dismissed as to appellant. Appellant argues that since the jury convicted the co-defendant Buchanan only on count 2 and disagreed as to the other two counts, this evidences a compromise on the conviction of appellant. We fail to see the logic of this argument. As both defendants were identified by the victim LaBoye, we find ample support for the verdict convicting defendants of the robbery charged in count 2. The failure of the jury to agree upon the guilt or innocence of Buchanan of the other two offenses charged against him may have been more favorable to him than the facts warranted, but appellant cannot complain because the jury did not exercise sufficient severity against his co-defendant. (*People* v. *Black,* 80 Cal. App. 605 [251 Pac. 321]; *People* v. *Richardson,* 83 Cal. App. 302 [256 Pac. 616]; *People* v. *Burdg,* 95 Cal. App. 259 [272 Pac. 816].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.