[Crim. No. 2437. Second Appellate District, Division Two.—March 12, 1934.]

THE PEOPLE, Respondent, v. VIVIAN H. CARNICLE, Appellant.

Lorrin Andrews and Edward Moran for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was charged in an information containing two counts with the crimes of

perjury and forgery, respectively. From judgments of conviction entered on verdicts of guilty as to each count defendant has appealed.

After allegations sufficiently showing that the alleged false statements were made in a trial before a competent tribunal and under oath, the information charges "that the said Vivian H. Carnicle, being so sworn to testify truthfully, she, the said Vivian H. Carnicle, did then and there in said trial, action and proceeding, wilfully, knowingly, corruptly, falsely and contrary to said oath swear, take oath, say and give in evidence among other things answers to the questions then and there propounded to her as a witness in substance as follows, towit . . . " The information then sets out a partial transcript of the testimony given by defendant at said former trial, continuing: "That the said false testimony, statements and things sworn to and given in evidence as aforesaid . . . was and were then and there material to the issues tendered in said cause then pending and on trial. That in truth and in fact as she, the said Vivian H. Carnicle, then and there well knew, the said testimony, statements and things so given and sworn to by the said Vivian H. Carnicle, as hereinbefore set forth, were then and there false, untrue and material to the matters then and there on trial . . . "

■ Appellant urges that the information is fatally defective in that nowhere in it is there an averment which negatives the truth of the alleged false swearing by stating facts by way of antithesis. An indictment using substantially the same language in its assignment of perjury as the information here was questioned in the same way in the case of *People* v. *Rodley,* 131 Cal. 240 [63 Pac. 351], and the court on page 249 of its opinion says: "The requirement of the law as to 'assignment of perjury' is found in section 966 of the Penal Code, and requires only that there be 'proper allegations of the falsity of the matter on which the perjury is assigned'. The allegations to the effect that the statements made by defendant were then and there false and untrue and known by him to be so false and untrue are, we think, in the absence of a demurrer, a sufficient assignment of perjury under the code provisions above cited. . . . It seems plain here that the indictment states facts constituting an offense, and the worst that can

be said of it is that it is not as specific and certain as it should have been in its allegations as to the falsity of the numerous statements of defendant charged to have been perjurious; . . . but an uncertainty of such a character would be waived by the defendant's failure to demur.'' No demurrer for uncertainty was filed to the information here. One was filed on general grounds directed at count II and one was directed at the information as a whole on the ground ''that more than one offense is charged which are not connected together in their commission''. This would not reach the defect of uncertainty, if any exists. See, also, the case of *People* v. *Ennis,* 137 Cal. 263, 266 [70 Pac. 84], where similar averments were held sufficient.

The evidence shows that the issues were clear-cut on particular testimony, and that appellant was well informed as to what she was called upon to answer. The matter charged as false in the instant case consists of particular rather than general statements, and there could be no uncertainty except for the inclusion in the information of some questions and answers apparently not connected with the statements upon which the issue of falsity was based. As the court in the case of *People* v. *Rodley, supra,* said of the defendant there we say here, necessary changes being made to fit the present case: ''He cannot, under our system, lie by until he shall see the result of a trial of his case on its merits and then be permitted to take advantage of a mere uncertainty in the'' information on the appeal.

■ Four character witnesses produced by the defendant were permitted by the court, over defendant's objection, to be asked by the prosecuting attorney if they had ever heard of the charge that defendant had made a false affidavit herself and caused others to make false affidavits charging Referee Douglas Campbell of the Industrial Accident Commission with accepting a bribe, after he had decided a case against her. Appellant admits that under the authorities (*People* v. *Sieber,* 201 Cal. 341, 349 [257 Pac. 64], *People* v. *Perry,* 144 Cal. 748 [78 Pac. 284], *People* v. *Gordan,* 103 Cal. 568, 573 [37 Pac. 534], *People* v. *Smith,* 100 Cal. App. 344, 347 [279 Pac. 1022], and others) it would not be misconduct on the part of the district attorney, or error on the part of the court, if such question was propounded in good faith and under a reasonable belief on

the part of the prosecutor that the fact is as implied by the question. (*People* v. *Perry, supra,* p. 750; *People* v. *Buchanan,* 119 Cal. App. 523, 526 [6 Pac. (2d) 538].) Appellant urges that because two of the witnesses who were involved in the making of such alleged false affidavits, and who were also witnesses corroborating appellant's testimony that the loan in question was repaid in their presence, in effect denied on cross-examination that the affidavits they made against Mr. Campbell were false, such denials showed that the district attorney had no reasonable ground to believe that the affidavits were in fact false and that he did not ask the questions in good faith, but did so solely for the purpose of prejudicing appellant before the jury. We cannot say, simply because these two witnesses in effect denied that the affidavits they made were false as stated by the district attorney, that the prosecutor did not have some very substantial basis for his belief that the affidavits were in fact false, and that the incident may have been discussed in the community in which appellant lived. Moreover, the court several times during the trial, after the questions were asked, told the jury that they were not to draw any inferences from the facts assumed in the questions and that they must not assume for a minute that such a state of facts ever did exist, or be prejudiced against the defendant by reason of the asking of the questions; that they were only for the purpose of permitting the jury to give proper weight to the testimony of the witnesses as to appellant's general reputation; and in the instructions given to the jury after the close of the evidence the court gave the following: "In the cross-examination of certain character witnesses produced by the defendant the district attorney propounded certain questions relating to certain facts and things which were assumed for the purpose of the question. You must not be prejudiced against the defendant by reason of such questions. You must consider that the facts and things so referred to by the district attorney are not true in reaching your verdict. Such matter has no relation to the issue of guilt or innocence of the defendant in this action."

On the record before us we fail to see any error on the part of the court or misconduct on the part of the district attorney. Even if it were a debatable question as to whether the district attorney was acting in good faith in

the instance above mentioned, we fail to see how, under the instructions given in regard thereto, any prejudice could have resulted to appellant.

Judgments affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 9, 1934.