[Crim. No. 425.   Fourth Appellate District.—November 19, 1937.]

THE PEOPLE, Respondent, v. T. O. LUCKETT, Appellant.

Lee Nuffer· and Herbert L. Iasigi for Appellant.

U. S. Webb, Attorney-General, Paul D. McCormick, Deputy Attorney-General, Elmer W. Heald, District Attorney, and D. H. Wolford, Deputy District Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on defendant, and from an order denying his motion for new trial. Defendant was charged with committing an abortion on a young woman of the age of seventeen years.

Several of defendant's specifications of error may be consolidated and considered under the contention that the evidence. is insufficient to support the verdict and judgment. In support of this argument he cites medical works wherein it is stated that a miscarriage can only occur after the third month of pregnancy. The evidence shows that the illegal operation was performed by defendant prior to that time.

It has been held that in law there is no difference between an abortion and a miscarriage produced by unlawful means. (*State* v. *Harris,* 90 Kan. 807 [136 Pac. 264, 49 L. R. A. (N. S.) 580] ; *People* v. *Heisler,* 300 Ill. 98 [132 N. E. 802] ;

*State* v. *Grissom,* 35 N. M. 323 [298 Pac. 666]. See, also, *People* v. *Coltrin,* 5 Cal. (2d) 649 [55 Pac. (2d) 1161].) We must adopt the legal and not the medical definition here. The crime denounced by section 274 of the Penal Code is that committed by a person who uses instruments or other unlawful agents on a pregnant woman at any time after conception to interrupt its development and expel the product before it has acquired the power of sustaining independent life where such act is not necessary to preserve the life of the woman.

The evidence in the instant case shows beyond question that the young woman involved, when pregnant, went to the office of defendant before the fourth month of her pregnancy and submitted to a curettement performed by him with surgical instruments for the purpose of procuring a miscarriage; that a miscarriage occurred during the operation; that the curettement was not necessary to preserve her life. This is sufficient under the law to sustain the verdict and judgment.

Defendant urges.that the young woman was an accomplice and that the corroboration of her testimony was not legally sufficient. This contention is without merit. Her evidence is supported by the testimony of two physicians who treated her before the commission of the criminal act, by the man responsible for her condition who was present during the operation, by three physicians who examined her within three or four hours after the operation, by a pathologist and by the evidence of several lay witnesses. The corroboration here is unusually complete.

Defendant complains of the refusal of the trial judge to give four instructions. The record does not disclose which party proposed any instruction, either given or refused. If we assume that the four instructions in question were proposed by defendant there was no error in refusing to give them. They were either legally incorrect or other instructions ·given covered the same subject-matter.

Complaint is made of the following instruction given by the trial judge: "You are instructed that it is the law of California that in contemplation of law there is no difference between a miscarriage and an abortion." As an abstract statement the instruction is not correct for a miscarriage can result innocently from accident, illness, disease, or other

causes. We must, however, take all the instructions given and consider each as a part of the whole. When we do this it is obvious that in the quoted instruction the trial court was speaking of miscarriage caused by the illegal means described in the Penal Code. There was no prejudicial error in giving this instruction.

■ Complaint is made because the trial judge admitted in evidence, over defendant's objections, statements made by him after arrest which pointed strongly to knowledge of his guilt. He claims inducement for the statements which he made because a deputy sheriff testified defendant was told that it would be better for him if he told the truth. If we assume, without holding, that this was an inducement, still there was no error in admitting the statements in evidence. The officer charged with holding out the purported inducement denied doing so. This conflict in the evidence was resolved against defendant in the trial court which is controlling here.

■ The trial judge allotted to counsel on each side one hour and fifteen minutes for arguments. The district attorney gave defendant fifteen minutes of his time. The record does not show that defendant's counsel used all of their allotted time. Neither does it show that they asked for additional time. No prejudice is shown to have resulted from the limitation on the time given for arguments. (*People* v. *Rice,* 90 Cal. App. 590 [266 Pac. 295].)

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.